## PRICE'S EXECUTORS v. REYNOLDS.

There can be no recoupment in a suit on a sealed instrument.

On demurrer to plea.

Argued at November Term, 1876, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, DIXON and REED.

For the plaintiffs, *S. M. Dickinson.*

For the defendant, *Leon Abbett.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This is a suit in covenant for rent due on a lease under seal.    The defendant pleaded, by way of recoupment, a breach of covenant on the part of the lessor, which covenant was to the effect that he would not rent certain other premises owned by him, for certain uses.

It is entirely clear that this method of pleading is not admissible in this state.    The doctrine of recoupment is unknown to the common law, and exists in this state only by virtue of the enabling provision in the one hundred and twenty-ninth section of the present practice act.    The privilege thereby conferred is, in express terms, confined to "actions on contracts not under seal."    This language is so definite and clear, that no room is left for discussion as to its meaning. It is true, that by the present statutory law of this state, the presumption of consideration arising from the seal to a specialty, may be rebutted in the same way as if the contract in suit was not authenticated by a seal.    But the rebutting of a consideration has no affinity to recoupment.    In suits in this state on unsealed contracts, it was always allowable to rebut the consideration, either in whole or in part, but the damages of the defendant could not, in such proceedings, be recouped.    In recoupment, a breach of the contract in suit, alleged to have been committed by the plaintiff, is set off against the alleged breach of another stipulation in the same contract, forming the basis of the suit.    Nothing of this kind occurs when the defendant sets up a failure of consideration.    When, therefore, the act authorizes the latter procedure in the case of sealed instruments, it does not also impliedly authorize the interposing of a counter claim to the cause of action of the plaintiff.

The demurrer must be sustained.