NEW YORK STATE REALTY AND TERMINAL COMPANY, APPELLANT, v. HUDSON COUNTY BOARD OF TAXATION, RESPONDENT.

Submitted October 31, 1925—Decided February 1, 1926.

The provision of section 28 of the Tax act of 1903 (*Pamph. L., p.* 412; *Comp. Stat., p.* 5107), which authorized the collector of a taxing district to file a complaint with the county board of taxation to have the assessed valuation of a specified property increased at any time within one year from the time taxes on real property became a lien, is in conflict with, and has been superseded by, the provision of section 701 of the revised Tax act of 1918 (*Pamph. L., p.* 879), requiring that petitions of appeal by the taxing district to the county board for a like purpose shall be filed with the county board on or before the 15th day of June next following the assessment.

On appeal from the Supreme Court, whose opinion is reported in 101 *N. J. L.* 458.

For the appellant, *Wall, Haight, Carey & Hartpence* (*Albert C. Wall*, of counsel).

For the respondent, *Edward P. Stout.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment of the Supreme Court, affirming the action of the Hudson county board of taxation in increasing the assessed valuation for the year 1923 upon specified property of the New York State Realty and Terminal Company, in the township of Weehawken, from $3,460,900 to $4,145,000.

The facts are as follows: This assessment was made early in 1923. In September of that year the township of Weehawken appealed to the state board of taxes and assessment to have the assessed valuation of this property increased. After hearing the state board dismissed the appeal of the

township upon the ground that, under the statute, the last day for making such an application was the 15th day of June, 1923. The order of dismissal was made February 19th, 1924, and thereupon the collector of the township of Weehawken filed a "complaint" with the Hudson county board of taxation asking the same relief from that body as was sought by the township from the state board. Notwithstanding the objection of the property owner, the county board heard the matter and rendered the determination which we have stated, increasing the assessed valuation. Thereupon the property owner sued out this writ of *certiorari* to review the validity of the action of the county board. The case on *certiorari* was heard by a justice of the Supreme Court, sitting for the court, and he affirmed the action of the county board.

The appellant's first point is that the county board of taxation had no jurisdiction to receive this petition of appeal or complaint after June 15th, 1923.

The jurisdiction of the county board to hear and determine this matter depends upon the proper construction of pertinent provisions of the Tax act of 1903 and of the revision of that act in 1918. Section 28 of the Tax act of 1903 (*Pamph. L., p.* 412; *Comp. Stat., p.* 5107) provides, among other things, that "on the written complaint of the collector, or any taxpayer of the taxing district, or of the township committee, common council or other governing body of the taxing district, that property specified has been assessed at too low a rate, * * * the commissioners of appeal, after five days' notice in writing to the owner by the party complaining, and after due examination and hearing, may make such addition to the assessments as shall be just by their judgment rendered within ten days after the hearing," and that this may be done "at any time within one year from the time taxes on real property became a lien." (In this connection, of course, it is to be noted that section 9 of the supplement of 1906 (*Pamph. L., p.* 210) gives over to the county board of taxation the powers of the commissioners of appeal. *Spencer* v. *Middlesex Tax Board,* 95 N. J. L. 5.)

By section 701 of the revised Tax act of 1918 (*Pamph. L.,* p. 879) : "Any taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of any other property in the county, or any taxing district which may feel discriminated against by the assessed valuation of property in said taxing district, or by the assessed valuation of property in any other taxing district in such county, may, on or before the 15th day of June, file with the county board of taxation a petition of appeal to the county board of taxation, * * * setting forth the cause of complaint, the nature and location of such assessed property and the relief sought," &c.

Now, the Supreme Court, in construing these sections, considered that the provision of the act of 1903, empowering the collector of the taxing district to file a complaint within one year from the time taxes on real property became a lien, had not been repealed by the provision of the Revision of 1918, requiring that petitions of appeals by the taxing district to the county board shall be filed with the county board on or before the 15th day of June.

We think that conclusion is unsound. By the act of 1903, the collector was designated as the representative of the taxing district. He might act for it by filing a complaint, or the governing body of the taxing district itself might do so. The right was in the alternative. The governing body might act through its collector, or might act as a body, but certainly it was not intended that the collector could make a complaint and that the taxing district itself could make another complaint of the same character and seeking the same relief. By section 701 of the act of 1918 the right of the "taxing district which may feel discriminated against by the assessed valuation of property in said taxing district" is preserved, but the right of the collector to appeal in such case is excluded. The fact that the act of 1903 designates the procedure to be taken before the county board as a "complaint," and that the Revision of 1918 designates it as a "petition of appeal, setting forth the cause of complaint," is immaterial. They both describe substantially the same procedure and provide

for the same relief. That being so, the question here is whether the legislature intended to supersede this provision of the act of 1903, so far as the time limit is concerned, by the Revision of 1918. That the two provisions are inconsistent is perfectly plain. And it is important to observe that in the Revision of 1918, by section 801, the legislature provided that "all acts, general and special, inconsistent with the provisions of this act are hereby repealed."

Our conclusion is that the provision of section 28 of the Tax act of 1903. which authorized the collector of the taxing district to file a complaint with the county board of taxation to have the assessed valuation of a specified property increased at any time within one year from the time taxes on real property became a lien, is in conflict with, and has been superseded by, the provision of section 701 of the revised Tax act of 1918 requiring the petitions of appeal by the taxing district to the county board for a like purpose shall be filed with the county board on or before the 15th day of June next following the assessment.

The result is that the judgment of the Supreme Court will be reversed, and the record remitted to that court, to the end that the determination or judgment of the tax board be set aside.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, HETFIELD, JJ. 14.