RALPH D'ORSI, PLAINTIFF-RESPONDENT, v. JAMES J. GALDIERI AND PETER PIZZUTI, DEFENDANTS-APPELLANTS.

Argued May 6, 1941—Decided May 26, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellants, *Levitan & Levitan* (*Abraham Levitan,* of counsel; *Leon Fire,* on the brief).

For the respondent, *Harold Krieger.*

PER CURIAM.

Plaintiff, Ralph D'Orsi, brought suit in the Bayonne District Court on a promissory note in the amount of $225 made on March 23d, 1939, by James J. Galdieri, a defendant, and payable on July 1st, 1939. The note was endorsed by Peter Pizzuti, the other defendant. The first count of the state of demand alleged that the plaintiff had demanded payment but that Galdieri, the maker, refused and still refuses to pay. The second count was to the same effect against Peter Pizzuti, the endorser. At the trial of the case, the state of demand was amended, reducing the demand on each count to $200 by reason of a payment of $25 admitted by the plaintiff, D'Orsi.

The defendant, maker James J. Galdieri, filed a counterclaim alleging that plaintiff was engaged in the small loan

business and in which he sought to recover from the plaintiff $200 by reason of other loans which he alleged to be usurious and on which he, Galdieri, had paid $200. *R. S.* 17:10-14.

On motion of the plaintiff, the counter-claim was stricken and exception taken to the court's ruling thereon, and also to the court's refusal to admit testimony of other allegedly usurious loans made by the plaintiff, D'Orsi, to defendant Galdieri. The main case was submitted to the jury on the sole issue as to whether, in fact, the transaction set up in the state of demand was usurious. Whether the transactions set forth in the counter-claim were, or were not, tainted with usury could not have affected the outcome of plaintiff's suit in which the jury found no usury.

The practical test as to whether the counter-claim should be struck depends upon whether it can conveniently be tried with the main case and this decision rests in the sound discretion of the trial court. *Goodloe* v. *Physiatric Institute,* 2 *N. J. Mis. R.* 375; *Kelley* v. *Faitoute Iron and Steel Co.,* 87 *N. J. L.* 567. We find no evidence of an abuse of such discretion and therefore affirm the judgment of the District Court.