HEATHER HOLDING CO., A NEW JERSEY CORPORATION,
PLAINTIFF-APPELLANT, v. DIVISION OF TAX APPEALS
IN THE DEPARTMENT OF THE TREASURY, ESSEX
COUNTY BOARD OF TAXATION, AND CITY OF
NEWARK, A MUNICIPAL CORPORATION, DEFENDANTS-
RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 31, 1955—Decided June 14, 1955.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Samuel S. Saiber* argued the cause for the appellant (*Messrs. Foosaner & Saiber,* attorneys).

*Mr. David D. Furman,* Deputy Attorney-General, argued the cause for respondents, Division of Tax Appeals in the Department of the Treasury, Essex County Board of Taxation (*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey, attorney; *Mr. Thomas P. Nolan,* Deputy Attorney-General, of counsel).

*Mr. Vincent J. Casale* argued the cause for the respondent City of Newark (*Mr. Vincent P. Torppey,* Corporation Counsel, attorney).

The opinion of the court was delivered by

FRANCIS, J. A. D.   Plaintiff sought relief in the Essex County Board of Taxation from the 1952 and 1953 assessment of certain real estate owned by it in the City of Newark.   Both petitions of appeal accepted the land valuation.   The sole ground of attack was the contention that the assessment of the buildings was in excess of true value.   In each instance after hearing, the board decided that the property had not been valued "excessively."

New appeals were filed with the Division of Tax Appeals. Each petition again asserted the same ground for relief.

Following hearing, at which the contending parties offered expert proof of true value, decision was reserved.

Although the testimony of the experts is not involved in the matter before us, we observe that the property owner's witness fixed the value of the buildings (office building and garage) at $330,000. On the other hand, the expert for the municipality testified to a value of $657,500 as reproduction cost and an economic value of $600,000 for 1952 and $607,000 for 1953. In addition, he adduced proof of a sale of the premises in August 1947 for $900,412.

The municipal assessments were the same for both 1952 and 1953: $23,300 on the land and $363,000 on the buildings.

Prior to the decision by the Division, the opinion of the Supreme Court came down in *Baldwin Construction Co. v. Essex County Board of Taxation*, 16 *N. J.* 329 (*October 25, 1954*). In that case property owners were permitted to attack discriminatory assessments in the Law Division of the Superior Court even though they had not prosecuted the statutory appeals to the county and state tax boards. And it was held that a discriminatory valuation, when imposed by a county tax board in the attempted exercise of its statutory function to examine, revise and correct the local assessors' tax lists and duplicates (*R. S.* 54:4–47), would be vacated.

On the basis of that decision the Heather Company moved before the Division of Tax Appeals to reopen the hearing to permit such proof of discrimination as would establish the invalidity of the assessment.

No affidavits or other supporting proof were attached to the notice of motion. The matter was argued on December 2, 1954. So far as the record shows no testimony was taken at that time and we are in the dark as to the exact nature of the proof, if any, which was offered to indicate the pertinency of the *Baldwin* case. In any event, on December 9 the motion was denied.

Shortly thereafter memorandums were filed by the commissioners who conducted the hearing on the appeal. They

contained a discussion of the conflicting evidence as to value and concluded with the declaration that the taxpayer had not sustained the burden of proving that the assessments were above true value.

These memorandums seem to make some reference to the earlier motion to reopen, for they say:

"Subsequent to the hearing date, our attention was directed to the fact that this property is one wherein the Essex County Tax Board raised the assessment 10%. Recently, a decision of the Superior [Supreme?] Court declared this action invalid. However, the only issue before us is the true value of the property in question." (Insertion ours)

■ In passing, it may be noted that the assessment of this property was not in issue in the *Baldwin* case. Further, the mere fact that the county tax board raised a valuation 10% of itself would not constitute discrimination within the contemplation of that case. Proof of the character outlined there would be necessary.

This appeal was taken from the judgments dismissing the two appeals. However, plaintiff expressly accepts the factual determination of the Division that it failed to establish that the assessments for the years in question do not represent true value. The ground for reversal is that error was committed in refusing to reopen the hearing to receive proof of discrimination.

■ Manifestly the Division of Tax Appeals has the discretionary power to reopen a hearing after all the evidence has been submitted and prior to final judgment. *Air-Way Branches, Inc. v. Board of Review,* 10 *N. J.* 609, 614 (1952); see also *Kaske v. Board of Review,* 34 *N. J. Super.* 222 (*App. Div.* 1955), and cases cited at *page* 226. And the courts will not interfere with the exercise of that discretion unless the circumstances demonstrate a mistaken use of it.

■ In the present situation the problem presented by the petitions of appeal was simply whether a valuation had been imposed upon the property which was greater than true value. All of the evidence adduced at the hearing related

to that issue. The application to reopen undertook to inject an entirely new theory, namely, that the assessment represented unequal taxation. In this posture of the case, there was ample justification for denying the motion. *Hackensack Water Co. v. Twp. of North Bergen,* 8 *N. J. Super.* 139 (*App. Div.* 1950).

Moreover, putting aside the jurisdictional problem (see *Baldwin Construction Co. v. Essex County Board of Taxation,* 28 *N. J. Super.* 110 (*App. Div.* 1953)), the record before us shows no facts which provide support for a claim that the *Baldwin* case is applicable.

For all of these reasons, no mistaken use of discretion is disclosed by the record. Accordingly, the judgment is affirmed.