41 N.J. Super. 465 (1956)
125 A.2d 423
CLEFF REALTY CO., INC., PLAINTIFF-APPELLANT,
v.
CITY OF JERSEY CITY, IN THE COUNTY OF HUDSON, AND DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued August 27, 1956.
Decided September 21, 1956.
*466 Before Judges CONFORD, DAVIDSON and TOMASULO.
Mr. James A. McTague argued the cause for the plaintiff-appellant.
Mr. Leo Rosenblum argued the cause for the defendants-respondents (Mr. James A. Tumulty, Jr., Corporation counsel of the City of Jersey City).
Mr. Christian Bollermann, Deputy Attorney-General, argued the case for the respondent Division of Tax Appeals (Mr. Grover C. Richman, Jr., Attorney-General, attorney; Mr. Thomas P. Nolan, Deputy Attorney-General, on the brief).
The opinion of the court was delivered by TOMASULO, J.S.C. (temporarily assigned).
The taxpayer-appellant appeals from judgments of the Division of Tax Appeals dismissing appeals filed with it from judgments of the Hudson County Board of Taxation, dismissing appeals *467 taken with respect to assessments of real property owned by appellant, situated in Jersey City, for the tax years of 1950 to 1954, inclusive. These appeals were filed first with the county board for each of the years in question, on or prior to August 15, and with the State Division of Tax Appeals on or prior to December 15. The appeals which are the subject of the instant review were set down for hearing by the Division from time to time and were adjourned at the request of the taxpayer from 9 to 15 times, in most instances the request for adjournment being made on or the day preceding the scheduled date of hearing. The appeals were dismissed for lack of prosecution by the Division on June 10, 1955. Nevertheless, on August 30, 1955, on application of the taxpayer, the Division vacated its judgments of dismissal and the cases were again listed for trial December 20, 1955. On that day counsel for the taxpayer called for the production, pursuant to subpoena previously served by the City of Jersey City, of certain records involving assessments made by the city on other property, the purpose being to establish discrimination against the taxpayer by the alleged assessments of its property at a lower percentage of true value than that at which other property in the city was assessed. The city refused to comply with the subpoena on the ground that the matter of discriminatory assessment was not in issue before the Division since the petitions of appeal complained only of the assessment of the property above its true value. Thereupon the taxpayer moved for leave to amend its petitions so as to charge discrimination. The hearing panel of the Division refused the request on the ground that this amounted to a pleading of a new cause of action beyond the time limited by the statute for filing of petitions of appeal, and it directed the taxpayer to proceed with its evidence. Thereupon the taxpayer stated that it had no evidence in support of its pending complaint of assessment above true value and that the gravamen of its complaint was discrimination. The Division consequently dismissed the appeals again for lack of prosecution.
*468 The taxpayer submits three main contentions on the present appeal:
1. Its petitions of appeal as originally filed were broad enough to admit proof of and to justify administrative relief based upon a discriminatory assessment.
2. It was entitled to an amendment of its petitions to plead discrimination.
3. In the alternative, the Division should have granted the requested amendment, as a matter of due process, because there was no legally assured right of review before the tax boards for a discriminatory assessment prior to the decision of the Supreme Court in Gibraltar Corrugated Paper Co. v. Township of North Bergen, 20 N.J. 213, which was rendered December 5, 1955, only 15 days prior to the final listing of the cases before the Division; further, that there was no certain judicial remedy because of the limitation imposed by R.R. 4:88-14, which required an exhaustion of the administrative remedy prior to judicial action.
These points will be considered in the order stated.

1. As to the scope of the original petitions of appeal.

Appellant's argument under this heading proceeds on the thesis that since it was held in the Gibraltar case, supra, that the county and state tax boards have jurisdiction by ordinary appeal to grant relief from a discriminatory assessment, whether or not the property is assessed below true value, and since R.S. 54:2-39, providing for appeal to the Division of Tax Appeals by any taxpayer who is dissatisfied with the judgment of the county board upon his appeal, recites that petitions of appeal to the Division shall not fix any sum as to the value of the property in question but shall contain a general prayer that the assessment be increased or decreased according to the true value of the property, it must necessarily follow that a petition of appeal requesting a reduction to the true value of the property is a proper basis for a judgment granting relief from discrimination.
The difficulty with the argument thus posed is that it is not accurate to say that the Legislature contemplated that *469 every conceivable appeal to the Division within its statutory jurisdiction should merely pray for an increase or decrease of the property in question to its true value. There are many kinds of jurisdiction vested in the county and state tax boards to determine matters having nothing to do with the true value of property, or where a judgment for true value is not the primary relief sought. For example, a property owner may appeal to the Division, after appeal to the county board, if the property is assessed for taxation notwithstanding a valid statutory exemption, R.S. 54:3-13, 54:4-3 et seq.; or where a property is added to the assessment list as newly constructed property and the contention of the owner is that the improvement was not constructed on the assessing date, N.J.S.A. 54:4-63.11. There are many other examples of such situations. Clearly, in such cases, under elementary principles of sound pleading, even before administrative agencies, it would be necessary for the appellant to state his particular grievance, and jurisdiction would not vest in either the county or state tax board to grant the relief really intended, upon the basis of a meaningless and irrelevant formal prayer that the assessment of the property be decreased to its true value. The only sensible construction of R.S. 54:2-39 is that when the relief actually being sought is a reduction of an assessment to true value, the petition shall be in the form specified by R.S. 54:2-39, but that that requirement is not applicable where the relief actually sought is something else, for example, a claim for exemption, or, as in the present case, a claim of discrimination and a request that the property be reduced to the common level of other property in the taxing district.
These views are fortified by the language of N.J.S.A. 54:3-21, the section providing for appeal to the county board, upon the basis of which the Supreme Court postulated the existence of jurisdiction in the situation involving discrimination in the Gibraltar case. That section states that in the petition to the county board the taxpayer shall set forth "the cause of complaint, the nature and location of the assessed property and the relief sought." (Emphasis *470 supplied) It would certainly not be setting forth "the relief sought" to pray, in a complaint purportedly laid for discrimination, for a reduction of the assessment to true value. Since the jurisdiction of the State Division of Tax Appeals is not original, but only appellate for review of county board determinations, it must logically follow that where an appeal to the county board is based upon discrimination, the petition of appeal to the State Division from an unsatisfactory determination by the county board should also state "the relief sought," and where the latter is something other than a reduction of the assessment to the true value of the property, it should so be stated in the petition of appeal. The Gibraltar case does not, as petitioner argues, support its contention. The case dealt with statutory jurisdiction, not with the adequacy of a petition of appeal to invoke such jurisdiction.
We therefore conclude that a petition of appeal in the State Division which merely requests a reduction of the assessment to the true value of the property does not frame an issue as to a discriminatory assessment of the property and that it would take an amendment of the petition (assuming such amendment to be otherwise unobjectionable) to frame the broader issue.

2. As to whether the claim for discrimination is a different cause of action than that which is pleaded and therefore, too late for inclusion by amendment.

This question is controlled by the decision of the Appellate Division in Hackensack Water Company v. Township of North Bergen, 8 N.J. Super. 139 (App. Div. 1950). Almost the precise situation here presented was involved in that case. The appeal there brought was originally against the alleged excessive assessment of the taxpayer's personal property at above its true value. The appeal came on for hearing two years later, and the taxpayer then requested the hearing panel of the Division for leave to amend so as to add a charge of discrimination. The court applied the rule that an amendment setting up a new cause of action should not be permitted after the time has expired *471 for bringing the suit or other proceeding, citing Russo v. Wright Aeronautical Corp., 1 N.J. 417 (1949). The court said (8 N.J. Super., at page 142):
"* * * The original petition of appeal and the proposed amendment alleged very different wrongs; the first, that appellant's property was assessed at too high a figure; the second, that other people's property were assessed too little. By the original petition of appeal, appellant prayed to have its assessment reduced to true value, while by the amendment, it sought to have its assessment lowered to a small fraction of true value. In our opinion, the amendment stated a new cause of action that should have been pleaded within the time allowed for an appeal."
The court also indicated that since the claim of discrimination had not been set forth in the appeal to the county board of taxation, the State Division might properly decline to allow an amendment, the purpose of which was to make "a case entirely different from that adjudged by the county board."
In the present case both of the circumstances adverted to in the Hackensack Water Company case are present. Here, too, it is agreed, there was no claim of discrimination in the petitions of appeal to the county board.
See also Heather Holding Co. v. Division of Tax Appeals, 36 N.J. Super. 195 (App. Div. 1955). That case did not involve an amendment prior to hearing, but rather an application to reopen a hearing which had taken place before the Division, limited to the issue of the true value of the property under appeal. The request for reopening was for the purpose of permitting proof of discrimination. The court sustained the refusal of the Division to permit the reopening, saying that there was ample justification for denial of the motion since "the application to reopen undertook to inject an entirely new theory, namely, that the assessment represented unequal taxation," citing the Hackensack Water Company case, supra.
We thus conclude it was too late, by December 1955, to amend these petitions of appeal to state completely different causes of action.

*472 3. Did the refusal to allow the amendment constitute a denial of due process to the taxpayer?

Appellant contends that the refusal of the Division to allow the amendment under which the issue of discrimination could be determined was in effect a denial of due process to the appellant in that no adjudication had yet been made by our courts, prior to the filing of the petitions of appeal by it to the State Tax Division in which the jurisdiction of the latter in appeals involving discrimination was recognized as subsisting. Thus, in effect, appellant claims that until the decision in the Gibraltar case an aggrieved taxpayer had no relief available to it from a discriminatory assessment and was therefore denied due process. We have concluded that this contention is specious.
It is plain, as pointed out by the respondents, that at the time that the 1950 petition of appeal was filed by the plaintiff with the county board of taxation, this court had already stated both in Jersey City v. Division of Tax Appeals, 5 N.J. Super. 375, 384, 385 (App. Div. 1949), affirmed 5 N.J. 433 (1950), and in Hackensack Water Co. v. Township of North Bergen, supra (8 N.J. Super., at page 141), that a taxpayer may raise the question of discrimination before the county tax board or the Division of Tax Appeals.
The fact that the question was not decided by the Supreme Court until the Gibraltar decision in December 1955 is not tantamount to a condition of plain lack of a tribunal available to hear and determine an appeal on such grounds. Moreover, there was always a remedy in the Superior Court. Baldwin Construction Co. v. Essex County Board of Taxation, 16 N.J. 329, decided October 25, 1954.
We take the view that there is no basis for appellant's contention that there was no available judicial or quasi-judicial relief for a claim of discrimination prior to December of 1955, or for the consequent conclusion that the denial of the motion for amendment by the Division at that time was a denial to it of a right of hearing of its grievance and a deprivation of due process.
*473 In view of these conclusions we need not consider the argument of Jersey City that the correctness of the denial of the motion to amend is not properly before us on this appeal. Judgments affirmed.