110 N.J. Super. 435 (1970)
265 A.2d 853
ATLANTIC CITY HOSPITAL, PLAINTIFF,
v.
HAROLD FINKLE, DEFENDANT.
Superior Court of New Jersey, Atlantic County Court, Law Division.
Decided May 21, 1970.
*437 Mr. James L. Cooper for plaintiff (Messrs Cooper, Greenberg, Katzman & Todd, attorneys).
Mr. Harold Finkle, pro se.
HORN, J.S.C.
This matter is before me on plaintiff's application for summary judgment on one count of two counts remaining in defendant's counterclaim. R. 4:46-1 et seq. The motion is predicated upon the absence of a genuine issue of any material fact challenged and that plaintiff is entitled to such judgment as a matter of law. R. 4:46-2.
Specifically, plaintiff asserts that the first count of defendant's counterclaim is not maintainable by reason of the statute of limitations. This count demands damages of plaintiff on the theory that defendant sustained personal injuries as the result of plaintiff's breach of warranty.
On February 13, 1968 plaintiff Atlantic City Hospital instituted this action against defendant for $1381.22 for services rendered to defendant while the latter was a patient at the hospital between August 22, and September 23, 1966, and between October 7, and October 17, 1966.
On October 10, 1969 defendant filed his answer and counterclaim out of time by consent. His answer denied liability or indebtedness, but admitted the periods of hospitalization and services rendered. The second count of the counterclaim, asserting a cause of action for personal injuries negligently caused by plaintiff while defendant was a patient, was withdrawn. We are not concerned with the allegations of the third count on this motion.
Plaintiff's motion rests upon its contention that the cause of action asserted by the first count of the counterclaim is barred by the statute of limitations, N.J.S.A. 2A:14-2:
Every action at law for an injury to the person caused by wrongful act, neglect or default of any person * * * shall be commenced within 2 years next after the cause of any such action shall have accrued.
*438 Defendant resists the motion first on the claim that since the first count arises out of contract, the six-year statute, N.J.S.A. 2A:14-1, which governs "recovery upon a contractual claim," applies. This argument is not sustainable because whether the six-year statute or the two-year statute designates the applicable limitation depends on the nature of the injuries, not the theory of recovery. The criterion is whether the action is one for damages based on injury to the person (two-year statute) or damage to property (six-year statute). Rex v. Hutner, 26 N.J. 489 (1958); Rothman v. Silber, 83 N.J. Super. 192 (Law Div. 1964); Tackling v. Chrysler, 77 N.J. Super. 12 (Law Div. 1962); Dailey v. Kiernan, 75 N.J.L. 275 (Sup. Ct. 1907).
Assuming that the two-year statute governs, defendant further urges that the cause of action is not barred because the date of the commencement of plaintiff's action was within two years of the accrual of the cause of action asserted by the first count of the counterclaim, and the factual contentions of this count arose out of the very same transaction pleaded by plaintiff. The record supports defendant's factual claim in these respects, although the actual filing of the counterclaim was more than two years after the accrual of the cause of action exhibited by defendant.
The legal issue thus raised appears to be without precedent in our State.
A counterclaim is a countersuit which is permitted by the court when it can be conveniently tried with the initial action. It may include a setoff or recoupment, or both. Curtis-Warner Corp. v. Thirkettle, 99 N.J. Eq. 806 (Ch. 1926), aff'd 101 N.J. Eq. 279 (E. & A. 1927); D'Orsi v. Galdieri, 126 N.J.L. 574 (Sup. Ct. 1941).
Our present rules provide that a counterclaim may state any claim against the opposing party whether or not it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. R. 4:7-1. And it may claim relief exceeding in amount or different in kind from or not *439 germane to that sought in the pleading of the opposing party. R. 4:7-2.
A setoff is an offsetting claim arising out of a completely independent and unrelated transaction. Falkenstern v. Herman Kussy Co., 137 N.J.L. 200 (E. & A. 1948); Guarantee Co. of No. America v. Tandy & Allen Construction Co., Inc., 66 N.J. Super. 285 (Law Div. 1961).
The doctrine of recoupment was unknown to the common law. It was authorized in this State by virtue of statute. Price's Executors v. Reynolds, 39 N.J.L. 171 (Sup. Ct. 1877). It consists of the setting off of damages for breach of contract allegedly committed by plaintiff against the damages claimed by plaintiff for breach by defendant of a stipulation arising out of the same transaction. Id.
In the absence of express statute, a demand of defendant, whether pleaded by way of setoff, counterclaim or cross-bill, ordinarily is regarded as an affirmative action and is subject to the operation of the statute of limitations. But the prevailing view also seems to be that, unless otherwise barred by statute, if a counterclaim or setoff is not barred at the commencement of the action in which it is pleaded, it does not become so afterward, during the pendency of that action. 34 Am. Jur., Limitation of Actions, § 65, at 59 (1941).
Recoupment is never barred by the statute of limitations so long as the main action is timely. Although there is authority holding that a defendant seeking recoupment is not entitled to an affirmative judgment for an amount exceeding the plaintiff's claim, the majority rule holding such recoupment is not barred by the statute of limitations also permits a judgment on the recoupment in excess of the amount sought by plaintiff in his action. Id. § 64; Annotation, "Setoff or counterclaim  barred claim," 1 A.L.R.2d 630, 667 (1948).
N.J.S.A. 2A:14-27 states: "The limitations provided by this chapter shall apply to the case of any debt or demand for liquidated damages alleged by way of set-off." See Nolin v. Blackville, 31 N.J.L. 170 (Sup. Ct. 1865). This is the *440 only section of the general statutes relating to limitations of actions which expressly touches upon the application thereof to setoffs. In effect, this quoted section, by its restriction to setoffs for liquidated damages, may be construed to indicate that the decision of whether and under what circumstances the statute of limitations operates upon demands asserted by counterclaim for unliquidated damages is left to the courts.
Statutes of limitations are designed to bar stale claims; to require parties to assert their demands within a fixed time, in order to avoid losing witnesses or evidence that the opposing party ordinarily might have had except for the inordinate passage of time from the inception of the cause of action. Trenton v. Fowler-Thorne Co., 57 N.J. Super. 196, (App. Div. 1959). However, where the subject of the defendant's claim is interwined with the cause of action advanced by the complaint, timely filed, reason and logic dictate that defendant's claims should not be denied on account of the passage of time.
When the counterclaim involves the same factual complex or transaction upon which plaintiff relies, it should not be considered to be stale because the same facts required to be exhibited by defendant generally will support the affirmative relief sought. Thus, the reason for the application of the statute no longer exists. However, I need not go as far as this would imply. I need only to hold, as I do, that prevailing authority supports the proposition that where the counterclaim asserts a recoupment which is not barred by the appropriate statute of limitations as of the time when the principal action was commenced, it will not be considered as untimely even though it is filed in said action at a time when if it were the subject of an independent action it could not be maintained by reason of the statute of limitations.
Since defendant's counterclaim in the case at bar was filed in an action commenced by plaintiff within two years of the accrual of defendant's cause of action, it is timely.
Accordingly, the motion for summary judgment is denied. No costs.