159 N.J. Super. 507 (1978)
388 A.2d 647
BENEFICIAL FINANCE CO. OF ATLANTIC CITY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
ROBERT SWAGGERTY AND YVONNE SWAGGERTY, DEFENDANTS.
Superior Court of New Jersey, District Court Atlantic County.
April 25, 1978.
*508 Mr. Sidney M. Goodelman for plaintiff.
Mr. Stephen W. Barry for defendants (Cape Atlantic Legal Services, Inc.).
GIBSON, J.C.C. (temporarily assigned).
This is a suit on a note. The loan, amounting to $638.45, was made on June 26, 1975, whereafter defendants defaulted leaving a balance due of $525.92 plus interest. The issues raised by the defense do not contest the amount owed but rather speak to the right to assert a set-off based on the claim that the note violates several provisions of the federal Consumer Credit Protection Act, 15 U.S.C.A. 1601 et seq. and the New Jersey Small Loan Law, N.J.S.A. 17:10-1 et seq. The threshold question, however, is whether the claimed set-off is barred by the one-year statute of limitations found in § 1640 (e) of 15 U.S.C.A. Defendant admits that the set-off comes outside of the one-year period but urges that the above limitation applies only to affirmative claims and is therefore inapplicable here.
The specific issue to be determined therefore is whether a debtor can set off by way of the damages permitted under the Federal Consumer Credit Protection Act a claim by a lender, when more than one year has elapsed since the claimed violation of the act. There do not appear to be any reported decisions in New Jersey dispositive of this issue. There is a split of authority on this issue outside this state.
15 U.S.C.A. § 1640(e) reads as follows:
Any action under this section may be brought in any United States District Court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.
*509 The leading case holding against the position of defendant is Ken-Lu Enterprises Inc. v. Neal, 29 N.C. App. 78, 223 S.E. 2d 831 (App. Ct. 1976), cert. den. 429 U.S. 1002, 97 S.Ct. 533, 50 L.Ed.2d 613 (1976). The court there based its holding on the need for uniformity of federal laws, and an amendment to § 1640 which provided as follows:
A person may not take any action to offset any amount for which a creditor is potentially liable to such person under subsection (a) (2) of this section against any amount owing to such creditor by such person, unless the amount of the creditor's liability to such person has been determined by judgment of a court of competent jurisdiction in an action to which such person were a party. [15 U.S.C.A. 1640(h)]
The above subsection was added to § 1640 in 1974 (§ 408(a) of Public Law No. 93-495) and was applied by the above court to preclude a counterclaim for a set-off. Subsection (h) was interpreted to preclude a set-off for anything but actual damages (as opposed to the penalties provided by 15 U.S.C.A. 1601 et seq.). Citing from a text by Ralph C. Clontz, Jr. the court noted that the author seems clearly to establish that unless a creditor's civil liability for disclosure errors has been established by a proper judgment, such potential liability may not be asserted as a defense in any action brought by the creditor to collect an unpaid balance. Ken-Lu Enterprises Inc. v. Neal, supra, 29 N.C. App. at 83, 223 S.E.2d at 835. This ruling goes beyond simply holding that a counterclaim cannot assert a set-off beyond the one-year limit. The holding was followed in Phil Mechanic Constr. Co. v. Gibson, 30 N.C. App. 385, 226 S.E.2d 837 (App. Ct. 1976). Other cases specifically holding that the one-year statute applies to counterclaims include Gills v. Fisher Hardware Co., 289 So.2d 451 (Fla. App. 1974), and Hodges v. Community Loan & Invest. Corp., 133 Ga. App. 336, 210 S.E.2d 826 (App. Ct. 1974).
There are a number of cases from other jurisdictions that hold that the one-year limitation period does not apply to *510 counterclaims. A leading case is Termplan Mid-City Inc. v. Laughlin, 333 So.2d 738 (La. App. 1976). The court there held that
* * * while [plaintiff] is time barred from initiating proceedings as allowed by Section 1640 (e), he is, nonetheless, entitled to assert the alleged violations of the Act as a defense or partial defense. We hold that (plaintiff) is procedurally entitled to seek the set-off. [at 740]
The above decision, however, was based not on 15 U.S.C.A. 1640(e) but rather a state statute of Louisiana which permitted utilization of a prescribed right as a defensive contention. L.S.A.C.C.P. Art. 424. The court specifically noted that it was not deciding the issue under the federal provision asserted here. The Louisiana statute specifically authorized set-offs outside the period of a statute of limitation.
A similar result is found in Wood Acceptance Co. v. King, 18 Ill. App.3d 149, 309 N.E.2d 403 (App. Ct. 1974). In finding that the one-year statute of limitations did not bar the set-off the court relied heavily on Ill. Rev. Stat. 1971, c. 83, par. 18, which provides as follows:
A defendant may plead a set-off or counterclaim barred by the statute of limitations, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counterclaim was so barred, and not otherwise. * * *
In holding the set-off proper the Illinois court combined the state statute and the stated purpose of the Truth-in-Lending Act  that is, "to safeguard the consumer in connection with the utilization of credit and the enforcement of the Act." Id. at 405. Clearly, this case, as well as the case of Termplan Mid-City, Inc., supra, are distinguishable from the instant action because of the existence of a specific state statute on the subject. Also, it should be noted that both cases were decided prior to the 1974 amendment of § 1640(h) so that it is unclear as to whether those courts *511 might now follow the thinking advanced in Ken-Lu Enterprises, Inc. v. Neal, supra.
In this context attention should be given to the New Jersey statute that deals with set-offs and the statute of limitations. N.J.S.A. 2A:14-27 provides as follows:
The limitations provided by this chapter shall apply to the case of any debt or demand for liquidated damages alleged by way of set-off.
The plain meaning of this provision would indicate that a set-off is subject to the same statute of limitations as an affirmative claim. However. a distinction must be drawn between a set-off and a recoupment. The courts of this State have not applied the same rules to both, and it appears that whereas a set-off is subject to the same statute of limitations as an affirmative claim, a recoupment is not. See Gibbins v. Kosuga, 121 N.J. Super. 252 (Law Div. 1972), and Atlanity City Hosp. v. Finkle, 110 N.J. Super. 435 (Law Div. 1970). In these cases the courts found that the counterclaim constituted a recoupment and thus the statute of limitations was not a bar. It should be noted, however, that the court in the Atlantic City Hospital case specifically limited its decision to the facts of that case where the counterclaim asserted a recoupment which was not bared "as of the time when the principal action was commenced," even though when actually filed it would have been barred as an independent action. Id. at 440. This is not the case here. Compare Giambattista v. Bradlees Inc., 130 N.J. Super. 381 (Law Div. 1974); see also, 51 Am. Jur.2d, Limitation of Actions, § 200.
The distinction between a set-off and recoupment was discussed in Gibbins v. Kosuga, supra, where the court, citing from 20 Am. Jur.2d, said:
Recoupment differs from setoff mainly in that the [recoupment] claim must grow out of the identical transaction that furnishes the plaintiff's cause of action and, being in the nature of a claim of *512 right to reduce the amount demanded, can be had only to an extent sufficient to satisfy the plaintiff's claim. In other words, recoupment goes to the justice of the plaintiff's claim, and no affirmative judgment can be had thereon, while set-off is not necessarily confined to the justice of such particular claim, and an affirmative judgment may be had for any amount to which the defendant establishes his right over and above the amount to which the plaintiff has proved he is entitled.
20 Am. Jur.2d, Counterclaiming, Recoupment, and Set-off, § 11 (1965); see also, City of Grand Rapids, Mich. v. McCurdy, 136 F.2d 615, 619 (6 Cir.1943).
At least one case has directly confronted the issue of whether a consumer's counterclaim seeking penalties under 15 U.S.C.A., § 1640(a) (2) (A) (i) is a set-off or recoupment. See Hodges v. Community Loan Invest. Corp., 133 Ga. App. 336, 210 S.E.2d 826 (App. Ct. 1974). There the court held that a truth-in-lending claim is not an integral part of an action for money had and received, but is merely ancillary to the action. Defendant there specifically argued that the counterclaim under the Truth-in-Lending Act was in the nature of recoupment and that the one-year statute of limitations would not apply. The court rejected that argument and barred the claim as a set-off outside the statutory time period. The court said that "the Truth-in-Lending Counterclaim * * * did not arise out of the mutual obligations or covenants of the loan transaction upon which the suit was founded." 210 S.E.2d at 832.
The claim by the defense in the instant case, like the claim mentioned above, did not arise out of the mutual obligations or covenants of the loan transaction and would therefore logically be classified as a set-off and not a recoupment. Indeed the defendant has consistently referred to it as such.
For the reasons previously outlined it is the opinion of this court that the statutory one-year limitation on penalty claims, 15 U.S.C.A. 1640(e), is a bar to the counterclaim asserted in this case. It is not necessary that this court reach *513 the issue as to whether the 1974 amendment to the Federal Consumer Credit Protection Act, 15 U.S.C.A. 1640(h), prohibits the assertion of penalty claims by way of set-off where there has been no prior judgment thereon. See Ken-Lu Enterprises, Inc. v. Neal, supra. Judgment will be entered in favor of plaintiff for the amount claimed.