Reversed and remanded. We do not retain jurisdiction.

BENEFICIAL FINANCE CO. OF ATLANTIC CITY, PLAINTIFF-RESPONDENT, v. ROBERT SWAGGERTY AND YVONNE SWAGGERTY, DEFENDANTS-APPELLANTS.

CONSUMERS FINANCIAL SERVICES, PLAINTIFF-RESPONDENT, v. THERESA A. TAYLOR, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 11, 1979—Decided September 28, 1979.

Before Judges FRITZ, KOLE and LANE.

*Mr. Jon Epstein* argued the cause for appellants Yvonne Swaggerty and Theresa A. Taylor (*Mr. Larry Lesnik and Jon Epstein* on the brief for appellant Taylor; *Mr. Stephen W. Barry*, Cape Atlantic Legal Services, on the brief for appellant Swaggerty).

*Mr. George F. Kugler, Jr.* argued the cause for respondent Beneficial Finance Co. of Atlantic City (*Messrs. Archer, Greiner* and *Reid*, attorneys; *Mr. Robert T. Egan* on the brief) and for respondent Consumers Financial Services (*Messrs. Young* and *Young*, attorneys; *Mr. Harold O'Grady* on the brief).

PER CURIAM.

This is a consolidated appeal of judgments against defendant debtors. Plaintiff creditors brought suit for monies due on promissory notes. Both defendants by way of setoff or recoupment counterclaimed for damages under the Federal Consumer Protection Act, 15 *U.S.C.* § 1601 *et seq.* (Act). The trial courts disallowed both claims because such defense was barred by the one-year limitation found in 15 *U.S.C.* § 1640(e). The reasons for disallowing the claims differ, however.

In *Beneficial Finance Co. of Atlantic City v. Swaggerty,* 159 *N.J.Super.* 507 (Cty. D.Ct.1978), the trial court decided that whether defendant could assert a claim under the act as a defense turned on the distinction between setoff and recoupment. Recoupment could be stated as a defense regardless of the limitation while a setoff was subject to the limitation. *Id.* at 511. Defendant's claim was actually a setoff as it "did not arise out of the mutual obligations or covenants of the loan transaction upon which the suit was founded." *Id.* at 512, 388 *A.*2d at 649, citing *Hodges v. Community Loan Investment Corp.,* 133 *Ga.App.* 336, 210 *S.E.*2d 826, 832 (App.Ct.1974).

In *Consumers Financial Services v. Taylor,* No. R–06785–76 (Cty. D.Ct. Feb. 3, 1978), the trial court conceded that defendant's right asserted in his counterclaim did arise from the same transaction as plaintiff's principal claim. It distinguished, however, "true statutes of limitation and statutes which create a right and limit the time within which an action may be brought to enforce the right."

Since the right asserted by defendant was not cognizable at common law but created by statute, "[t]he limitation of time * * * enters into and becomes a part of the right of action itself and is a limitation not only on the remedy but of the right also." *Id.* at 2.

We affirm the decisions of the trial courts and write only to resolve an apparent conflict in reasoning to their results.

■ It should be noted at the outset that neither defendants' claims should be considered as *recoupments*. Both claims allege plaintiffs' statutory liability for damages under the act independent of the terms of the actual agreements. In this regard, their counterclaims for damages do not arise out of the same transaction:

Recoupment differs from set off mainly in that the claim must grow out of the *identical transaction that furnishes the plaintiff's cause of action* and, being in the nature of a claim of right to reduce the amount demanded, can be had only to an extent sufficient to satisfy the plaintiff's claim. In other words, recoupment goes to the justice of the plaintiff's claim, and no affirmative judgment can be had thereon, while set off is not necessarily confined to the justice of such particular claim, and an affirmative judgment may be had for any amount to which the defendant established his right over and above the amount to which the plaintiff has proved he is entitled. [*Gibbins v. Kosuga,* 121 *N.J.Super.* 252, 257 (Law Div.1972), quoting *Grand Rapids v. McCurdy,* 136 *F.2d* 615 (6 Cir. 1943); emphasis supplied]

In *Spartan Grain & Mill Co. v. Ayers,* 581 *F.*2d 419 (5 Cir. 1978), plaintiff feed supplier sued defendant chicken producer for unpaid balances of its feed bill. Defendant counterclaimed for damages under the act because plaintiff failed to disclose interest rates on credit purchases. The District Court found this claim to be time-barred. *Id.* at 430. The Court of Appeals affirmed this decision. It conceded that equitable recoupments were not subject to a statute of limitations. Although defendant's claim arises from the contract transaction, the Truth-in-Lending Act involves entirely separate questions of law and fact from those dealing with the producer's liability of their accounts. *Ibid.* See also, *Jacklitch v. Redstone Federal Credit Union,* 463 *F.Supp.* 1134, 1136 n. 1 (N.D.Ala.1979).

Therefore, even under the theory that recoupments are permissible counterclaims notwithstanding the running of the statutory limitation on actions, defendants' claims must fail. But *cf. Plant v. Blazer Financial Services, Inc. of Georgia,* 598 *F.*2d 1357 (5 Cir. 1979) (nonfederal counterclaims to claim under act are part of transaction, therefore compulsory).

■ Defendants claim that the public policy intended by the act would be defeated by adherence to this type of transactional test in determining whether a claim is a setoff or a recoupment. However, the policy of Congress to cut off actions unless filed within one year of accrual is manifest. 15 *U.S.C.* § 1640(e) provides:

> (e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

The "right" provided by the act is statutory and not recognized at common law. Its purpose is "to assure those seeking credit certain information so that they can know just what the annual percentage rate is and can engage in meaningful credit comparisons before obligating themselves." *Fenton v. Citizens Savings Ass'n*, 400 *F.Supp.* 874, 878 (C.D.Mo.1975). There the District Court decided that a plaintiff-debtor was precluded from bringing an action under the act not merely because the action was barred by time but because the right was extinguished.

> Statutes of Limitations are distinguished from statutes which create a right of action not existing at common law and restrict the time within which action may be brought to enforce the right. A true statute of limitations extinguishes only the right to enforce the remedy and not the substantive right itself. The limitation of time for commencing an action under a statute creating a new right enters into and becomes a part of the right of action itself and is a limitation not only on the remedy but of the right also. The right to recover depends upon the commencement of the action within the time limit set by the statute, and if that period of time is allowed to elapse without institution of the action, the right of action is gone forever. See 51 Am.Jur.2d, Limitation of Actions, § 15, pp. 599–600 and authorities therein cited. [Id. at 879 n. 6].

The policy of our State has been to recognize that the Legislature in creating substantial statutory rights may cut off not merely the remedy but the right itself by a clause of repose. *Marshall v. Geo. M. Brewster & Sons, Inc.*, 37 *N.J.* 176, 180 (1962). The limitation so provided "will be viewed not as simply procedural but as part of the statute's substantive law * * ." *Ibid. Cf. Presslaff v. Robins*, 168 *N.J.Super.* 543 (App.Div.1979).

Finally, it should be noted that defendant Swaggert has raised for the first time on this appeal a defense under the New Jersey Small Loan Law, *N.J.S.A.* 17:10–1 *et seq.* Since this issue was not properly presented to the trial court and does not involve the court's jurisdiction or a matter of great public interest, we decline to address it. See *Nieder v. Royal Indemnity Ins. Co.*, 62 *N.J.* 229 (1973).

The judgments of the county district courts are affirmed.