190 N.J. Super. 528 (1983)
464 A.2d 1156
WEYERHAEUSER COMPANY, PLAINTIFF-APPELLANT,
v.
BOROUGH OF CLOSTER, DEFENDANT-RESPONDENT. WITCO CHEMICAL CORP., PLAINTIFF-APPELLANT,
v.
CITY OF PERTH AMBOY, DEFENDANT-RESPONDENT. ALSTORES REALTY CORP., PLAINTIFF-APPELLANT,
v.
BOROUGH OF PARAMUS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 12, 1983.
Decided July 22, 1983.
*529 Before Judges MATTHEWS, ANTELL and FRANCIS.
Frank A. Carlet argued the cause for appellants (Goldman, Carlet, Garrison & Bertoni, attorneys; Frank A. Carlet and Marjorie Neifeld, on the briefs).
Jonathan N. Harris, argued the cause for respondent Borough of Closter (Andora, Palmisano, De Cotiis & Harris, attorneys; M. Robert De Cotiis, of counsel).
Leo Rosenblum argued the cause for respondent City of Perth Amboy (Rosenblum & Rosenblum, attorneys).
Saul A. Wolfe argued the cause for respondent Borough of Paramus (Skoloff & Wolfe, attorneys; Robert F. Giancaterino, on the brief).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
Each of these three cases originated as a direct appeal filed in the Tax Court seeking a reduction in the assessed valuation of the subject property to true value. Substantially after the permitted time for filing a direct appeal but before any hearing had occurred, petitioner in each case sought to amend the *530 complaint to include an allegation that the assessment was discriminatory. The request was denied in each case based on case law which required a claim of discrimination to be pleaded separately and timely.
On appeal petitioners urge that Chapter 123 of Laws of 1973 does or should modify that prior case law.
Although prior case law clearly required an amendment, such as those herein requested, to be denied, Chapter 123, as recently interpreted by this court, so profoundly simplified the proofs of the elements of a claim of discrimination that the rigid procedural requirements became obsolete and in fact obstructionary of the Tax Court's duty to determine the proper assessment valuation.

Weyerhaeuser Company v. Closter
Plaintiff Weyerhaeuser owns industrial property known as Block 46, Lot 14 in the Borough of Closter, County of Bergen. On or about August 10, 1981, Weyerhaeuser filed a complaint in the Tax Court seeking review of the assessment of $1,994,700 for that property. The complaint alleges that the assessment was in excess of true value and asked that the assessment be reduced to true value.
On or about August 28, 1981, defendant Borough filed an answer denying that the assessment was in excess of true value and a counterclaim alleging that Closter "is discriminated against by the assessed valuation of said property in that it is less than the true value of said property." Closter asked that the assessment be increased by application of "L. 1973, Chap. 123." Weyerhaeuser answered the counterclaim by denying the allegations and asking that the counterclaim be dismissed.
The pretrial order entered March 29, 1982, listed "valuation and discrimination" as the factual and legal issues.
On August 3, 1982 Closter filed a "withdrawal of claim" of discrimination. On August 5, 1982, the Tax Court judge heard oral argument on that motion as well as on a motion by *531 Weyerhaeuser for leave to amend its complaint to include an allegation of discrimination.
During arguments the court found that Closter had the absolute right to withdraw its claim of discrimination. Weyerhaeuser's motion to add a claim of discrimination was denied.
We granted leave to appeal.

Witco Chemical Corp. v. Perth Amboy
Witco owns industrial property known as Block 471, Lot 1 in Perth Amboy, County of Middlesex. Witco filed a complaint on or about August 12, 1981, in the Tax Court seeking a review of the assessment for 1981. The complaint alleged the assessment of $2,005,900 was in excess of the true value and asked that it be reduced to true value. No answer was filed.
The pretrial order entered following the pretrial conference held on June 3, 1982, preserved Witco's right to move to amend the order to include a claim for discrimination, if brought before September 17, 1982. On July 30, 1982, Witco filed a notice of motion requesting an order amending the pretrial order or alternatively the complaint, to include an allegation of discrimination. On September 7, 1982, the Tax Court judge denied the motion for the reasons set out in his letter opinion dated August 13, 1982.
Witco moved for leave to appeal which was granted October 18, 1982. We consolidated this appeal with Weyerhaeuser.

Alstores Realty Corp. v. Paramus
Plaintiff Alstores is the owner of commercial property at Block 701, Lot 7 in the Borough of Paramus, County of Bergen. Alstores filed a tax appeal on August 12, 1981 seeking review of the 1981 assessment of $25,500,000 which was allegedly in excess of true value. Plaintiff asked that the assessment be reduced to true value. Paramus filed a counterclaim on September 24, 1981 asserting that it was "discriminated against by the assessed valuation of the property." An answer to the counterclaim denying the allegation of discrimination was filed on October 2, *532 1981. On October 12, 1982, Alstores filed a notice of motion for an order requiring the court to apply Chapter 123 of Laws of 1973 or alternatively allowing plaintiff to amend its complaint to include an allegation of discrimination against plaintiff. For reasons expressed in his letter opinion of November 5, 1982, the Tax Court judge denied plaintiff's motion.
We granted Alstores' motion for leave to appeal. This case was consolidated with the two cases above.

A
Both taxpayers and the taxing district have a right to challenge property assessments. Since 1950 New Jersey courts have consistently held that an assessment can be challenged on one or both of two separate grounds. See Cleff Realty Co. v. Jersey City, 41 N.J. Super. 465, 472 (App.Div. 1956), certif. den. 23 N.J. 58 (1957). The first ground seeks to fix the assessment at "full and fair" value as required by statute. N.J.S.A. 54:4-23. In recognition of the fact that the goal of the first ground is rarely met uniformly throughout a taxing district, the second cause of action seeks to fix an assessment at substantially the same proportion to true, or full and fair, value as the assessments of the "common level" of properties in the taxing district. The second cause of action effectuates the constitutional requirement that there should be no discrimination among the levels of assessment of similarly-situated properties in a taxing district.
Chapter 123 of the Laws of 1973 (hereinafter Chapter 123) greatly simplified the proofs necessary to sustain the second ground for appeal, a "discrimination" claim. Two of the three necessary elements of proof are now determined by the action of the statute.
These appeals seek to have this court find that Chapter 123 has eliminated the necessity of adhering to the rigid procedural requirements of specifically pleading discrimination in a tax appeal.
*533 The petitioner-appellant in Hackensack Water Co. v. Tp. of North Bergen, 8 N.J. Super. 139 (App.Div. 1950), originally applied to the county board of taxation for relief from an assessment allegedly in excess of true value. Id. at 142-143. The subsequent appeal to the Division of Tax Appeals properly filed within 30 days of the county board's judgment again alleged that assessment was in excess of true value. Id. at 141. A year and a half later petitioner moved to amend the appeal to include a claim of discrimination. Id. at 142.
This court held that petitioner should not have been allowed to amend its petition of appeal because, first, the amendment stated a new cause of action which should have been pleaded within the proper time. The original appeal alleged "that appellant's property was assessed at too high a figure" while the amendment alleged "that other people's property were assessed too little." Id. at 142. The court noted secondly that although the hearing at the Division of Tax Appeals would be de novo and not necessarily limited to the matters heard below, the Division could "properly decline to allow an amendment, the purpose of which is to make a case entirely different from that adjudged by the county board." Id. at 143.
Cases since Hackensack Water have uniformly interpreted that holding as establishing (1) a rigid "rule that an amendment setting up a new cause of action should not be permitted after the time has expired for bringing the suit or other proceeding ..." and (2) that a claim of discrimination is a separate cause of action from a claim of assessment above true value. Cleff Realty Co. v. Jersey City, 41 N.J. Super. at 470-471. See also Diament v. Fort Lee, 3 N.J. Tax 70, 77 (Tax Ct. 1981); The Anaconda Co. v. City of Perth Amboy, 157 N.J. Super. 42 (App. Div. 1978), vacated and remanded on other grounds, 81 N.J. 55 (1979); Continental Paper Co. v. Vil. Ridgefield Park, 122 N.J. Super. 446 (App.Div. 1973), certif. den. 63 N.J. 328 (1973); Boro of Matawan v. Tree Haven Apartments, Inc., 108 N.J. Super. 111 (App.Div. 1969).
*534 Cleff Realty clarified some of the foundations of Hackensack Water. The case originated in five annual appeals to the county board of taxation for each of the tax years from 1950 to 1954 which only alleged assessment in excess of true value. 41 N.J. Super. at 467. Each of those judgments was appealed to the Division of Tax Appeals by December 15, 1954. All of the appeals were dismissed for lack of prosecution in June 1955, after the taxpayer had requested between 9 and 15 adjournments on the day prior to or of the scheduled hearings. The dismissals were vacated two months later and rescheduled for December 1955. On the day of the hearing the taxpayer moved for leave to amend its petition to include an allegation of discrimination; that request was denied. Id.
This court found that jurisdiction to grant specific relief such as reduction in assessment to the common level vested in the county or state board of taxation only when the "particular grievance" was specifically pleaded. Id. at 469. Thus, relief from discrimination could not be granted when the petition only requested that an assessment be reduced to true value. Id. at 470. The court also concluded on the basis of Hackensack Water that the petition could not be amended in December 1955 to add the new cause of action, discrimination. The court also relied on the affirmance in Heather Holding Co. v. Div., etc., Bd. of Taxation, 36 N.J. Super. 195 (App.Div. 1955), of a denial of a request to reopen a hearing which had been limited to the issue of true value in order to permit proof of discrimination. Cleff Realty, 41 N.J. Super. at 471. Finally we held that refusal to allow the amendment did not constitute a denial of due process to the taxpayer. Id. at 472.
In re Appeals of Kents 2124 Atlantic Ave., Inc., 34 N.J. 21, 24 (1961), addressed the pivotal question of "what suffices to establish a basis for relief" when there is an allegation that "although the assessments were at less than full true value, nonetheless they exceed the `common level' of assessments in the taxing *535 districts...." The Court first noted that where, in fact, there was "a `common level', that is, a ratio to or percentage of full true value at which property generally was assessed in the municipality ... it is a simple matter to eliminate a disparity by reduction to that level." Id. at 26 (emphasis added). The Court found it equally clear that proof of a "common level" was exceedingly difficult, if even possible in most cases. Id. Consequently, various methods of determining an appropriate ratio were considered and a standard was adopted. Id. at 32.
Bor. of Matawan v. Tree Haven Apartments, Inc., 108 N.J. Super. at 116, reiterated that when reviewing a tax appeal, the Division of Tax Appeals must fix an assessment at 100% of true value unless: (1) the taxpayer alleges discrimination and (2) the taxpayer proves the use by the assessor of a common level lower than that applied to his property or a Kents approved ratio which is less than the ratio of his assessment to true value. It is also mandatory that the taxing district be permitted an opportunity to meet those proofs. Id.
The holding in Kents was also reaffirmed in Piscataway Assoc., Inc. v. Township of Piscataway, 73 N.J. 546 (1977), which directed that whenever a taxpayer "is shouldering substantially more than his fair share of taxes" Kents type relief should be available whether or not the facts are precisely the same as in Kents. The taxpayer is entitled to relief from discrimination. Id. at 556.
All of these cases were filed before 1978 when N.J.S.A. 54:3-21 was amended to allow a taxpayer seeking review of the assessed valuation of his property to file a petition of appeal directly with the Tax Court if the assessment exceeded $750,000. Before that amendment all petitions were first considered by the county board of taxation and then reviewed by the Division of Tax Appeals (now the Tax Court). All of these cases were filed before the adoption of Chapter 123.

*536 B
Chapter 123 of Laws of 1973[1] codified in N.J.S.A. 54:2-40.4 and N.J.S.A. 54:3-22 finally provided a statutory definition of "average ratio" and "common level" and a formula for application of those numbers to a specific claim of discrimination. N.J.S.A. 54:1-35a[2] presently provides that "(t)he `average ratio' of assessed to true value of real property for a taxing district ... shall mean that ratio promulgated by the Director of the Division of Taxation pursuant to P.L. 1954, c. 86 (C. 54:1-35.1 et seq.)...." Additionally, subsection (b) provides "(t)he `common level range' for a taxing district is that range which is plus or minus 15% of the average ratio for that district." The taxpayer has thus been relieved of the difficult burden of proving the existence of a common level or a Kents average ratio. N.J.S.A. 54:2-40.4(a)[3] then provides:
Whenever the tax court is satisfied by the proofs that the ratio of the assessed valuation of the subject property to its true value exceeds the upper limit or falls below the lower limit of the common level range, it shall enter judgment revising the taxable value of the property by applying the average ratio to the true value of the property except as hereinafter provided.
In short, petitioner need only prove "true value." That is, the court must compare the state-provided figures for the average ratio and common level to the assessed value and true value of the subject property as established by the petitioner's proofs. If the ratio of proven assessed value to true value of the subject property falls outside the common range, the proper assessment is established by multiplying the proven true value by the state-provided average ratio (except in certain instances not here relevant). The petitioner and respondent no longer need *537 contest the value of the average ratio or common level, two key facts which were previously the subject of much litigation time.
The issue in the instant appeal is thus clearly placed in its historical context: should the streamlined method of proving discrimination provided by chapter 123 alter the procedural rules which had been developed in cases which had to grapple with the complex proofs of a common level and average ratio? To answer that question we find it helpful to look at recent cases dealing with tangential Chapter 123 issues.

C
A hearing on the motion to amend the complaint was held only in Weyerhaeuser v. Closter. The Tax Court judge found the arguments "academic anyway" because his opinion in Diament v. Fort Lee, supra, 3 N.J. Tax 70, thoroughly disposed of the issue.
In Diament, taxpayers asked the court to apply Chapter 123 to the true value proven at trial even though no claim of discrimination had been included in the papers. 3 N.J. Tax at 76. The court first reviewed the rules of Hackensack Water Co. and Cleff Realty as they had been followed by New Jersey courts and then noted that Chapter 123 was "a profound alteration of the law of real property tax discrimination." Id. at 79.
The judge then found that the legislative intent was not to present a Chapter 123 issue in every case because that statute only "established `a rebuttable presumption relating to tax appeal cases of alleged discrimination.'" Id. at 79, quoting from the committee statement appended to the amendment to Chapter 123. He emphasized "the Legislature preserved the right of a party at trial to rebut" the presumptive average ratio and common level figures provided by Chapter 123. Id. at 83. Either party could demonstrate the existence of a different common level. Finally the judge concluded that if "chapter 123 is in every case automatically [and] the court ... simply [took] judicial notice of the chapter 123 ratio and on its own motion *538 mold[ed] the assessment to that ratio ..." the opposing litigant would be deprived "of the right to rebut such a ratio application...." Id. at 84 (emphasis in original). Accordingly, he held that Chapter 123 could not alter the rule of Cleff Realty. Id.
As a final pillar of support for this conclusion the judge noted that any other result would be a circumvention of the well established legal principle "that parties must be particularly vigilant in complying with tax statutes establishing jurisdictional time limits." Id. at 85.
Even though the Tax Court was consistent in its finding that Chapter 123 "merely establishes a rebuttable presumption of a common level" to be used as the basis for discrimination relief, see Rudd v. Cranford Tp., 4 N.J. Tax 236, 248 (1982); Diament, and Devonshire Develop. Assoc. v. Hackensack, 184 N.J. Super. 371, 2 N.J. Tax 392, 404 (1981), we held this term that "the Legislature mandated the use of Chapter 123 as an exclusive remedy subject to the exceptions contained therein." Murnick v. Asbury Park, 187 N.J. Super. 455, 459 (App.Div. 1982), reversing 2 N.J. Tax 168 (Tax Ct. 1981). We noted that Chapter 123 was written with the mandatory language of "whenever" and "shall": "Whenever the tax court is satisfied by the proofs... it shall enter judgment...." Id. at 459-460. We also found that the statement attached to the proposed Chapter 123 by the Senate Judiciary Committee[4] revealed that the proposed solution was considered as the single applicable formula, not simply *539 a possible alternative. Id. at 460. Chapter 123 was designed "to alleviate the statistical sleight-of hand inherent in pre-chapter 123 discrimination claims" and to "`fortify the fundamental, cardinal principle of taxation  stability of assessments.'" Id. at 461, quoting 525 Realty Hold. Co. v. Hasbrouck Heights, 3 N.J. Tax 206, 216 (Tax Ct. 1981). Once the true value has been found from the proofs the only available challenge to the application of Chapter 123 to determine discrimination relief is whether there has been "error in the ... calculations...." Id. 187 N.J. Super. at 463.
Murnick overruled the tax court holdings that Chapter 123 is a "rebuttable presumption." Murnick seems to deny all parties the right to rebut the statutorily promulgated common level and average ratio. However, tax discrimination is a constitutionally mandated remedy available to taxpayers and municipalities. If the figures established by Chapter 123 for the average ratio and common level are arrived at in an arbitrary, capricious, or erroneous manner, or are themselves discriminatory, a litigant would be deprived of this constitutional remedy unless he had the right to challenge them. We do not, however, read Murnick to hold that Chapter 123 establishes an exclusive remedy in such instances.[5]
In Murnick, we addressed the question of legislative intent: did the Legislature intend to provide an exclusive remedy? 187 N.J. Super. at 459.
*540 We conclude that an amendment such as has been sought in these cases should be prohibited only if the claim of discrimination is actually a new cause of action as Hackensack Water held. Because the elements requiring proof in a claim that the assessment is in excess of true value and a claim of discrimination would be identical by virtue of the interpretation of Chapter 123 in Murnick, we see no need to perpetuate the rigid reading of Hackensack and Cleff Realty. Clearly the amendments adding a claim of discrimination would not state a new cause of action in any of these cases and would relate back to the date of the original filing.
This court's analysis in Rabstein v. Princeton Tp., 187 N.J. Super. 18 (App.Div. 1982), bears on the second ground for the Diament holding: "parties must be particularly vigilant in complying with tax statutes establishing time limits." 3 N.J. Tax at 85.
In Rabstein, two separate plaintiffs appealed to the county board of taxation which affirmed their assessments. The township had not cross-appealed at that stage. Both plaintiffs then appealed to the tax court alleging their assessments were in excess of true value. Id. 187 N.J. Super. at 20. The issue in this court was whether the assessment could be increased above the original level when the taxing district had not raised the issue before the county board.
The tax court found that Bor. of Matawan v. Tree Haven Apartments, Inc., supra, precluded an increase under such circumstances. In Matawan, the taxpayer had appealed its assessment to the county board which reduced the assessment. Although it had not cross-appealed below, the taxing district appealed the reduction to the Division of Tax Appeals which increased the assessment above the original assessment. This court held that the assessment could not be raised above the original level. 108 N.J. Super. at 117, cited in 187 N.J. Super. at 21.
*541 In Rabstein, we emphasized that the "ultimate fact" to be determined in an appeal to the tax court "is the full and fair value of the property." Id. at 22. We then noted that the primary reason Matawan had not allowed the taxpayer's assessment to be raised above the original level was the concern that the taxpayer lacked notice that his assessment might be found too low. Id. at 23. We rejected this concern, finding "no reason to assume that the taxpayer would not present his strongest case" whenever the "true value of his property is in dispute" whether the claim was that the assessment was too high or too low. Id. Finally, we found "no sound reason to give a taxpayer the benefit of an erroneous valuation simply because, for whatever reason, the taxing district has failed to cross-appeal." Id. at 24. Once the Tax Court determined the true value, Rabstein held that it is then "authorized by N.J.S.A. 54:2-35[6] to assess the property at that value, even if it exceeds the original assessment, regardless of whether the taxing district has appealed that assessment." Id.; footnote added.
Murnick requires that the Rabstein reasoning be applied to find that both parties have notice that the original assessment can be decreased below true value if the proofs warrant. If the required elements of proof are the same for "excess true value" and discrimination, then both the taxing district and the taxpayer have adequate notice that the final assessment will be levied as shown to be proper by the proofs of true value.
Devonshire Develop. Assoc. v. Hackensack, 184 N.J. Super. 371, 2 N.J. Tax 392 (Tax Ct. 1981), came to a conclusion similar to Rabstein. However, in Rabstein the issue was only whether the original assessment could be increased to true value when there was no claim of discrimination. Devonshire held that if the taxpayer alleged discrimination and the application of Chapter *542 123 resulted in an assessment above the original value, the assessment must be increased. Id. 184 N.J. Super. at 386, 2 N.J. Tax at 407. This conclusion was reached even though the taxing district did not appeal. The court stated:
Consequently, commencing from the effective date of chapter 123, taxpayers are put on notice that the assessment of their property can be increased under certain circumstances without the presence of a municipal appeal from the original assessment in actions grounded in discrimination. [184 N.J. Super. at 386, 2 N.J. Tax at 407]
Chapter 123 must be interpreted to mandate that the Tax Court be guided by the proofs in each appeal, not the form of the appeal.
Rabstein and Devonshire give both parties notice that the assessment can be increased or decreased above or below the original assessment even when the taxing district does not specifically request in its pleadings relief from lower than true value assessment or discrimination. As in Rabstein, there is "no sound reason" to give either the taxpayer or the taxing district "the benefit of an erroneous valuation simply because, for whatever reason," one party failed to state both grounds for relief. 187 N.J. Super. at 24. It is only reasonable to conclude that Chapter 123 requires the tax court to determine the proper assessment, either full true value if the taxing district has been recently reassessed or the percentage of true value at which the average property in the district is assessed.
We conclude that there is no justification for adhering to the rigidity of the rules for pleading Chapter 123 discrimination developed before the effective date of the chapter. However, when either the taxpayer or taxing district has injected a request for discrimination relief into the case, fairness, Devonshire and Rabstein require that either party be allowed to benefit from that fact. When the party who alleged discrimination discovers after the proper time for appeal that he would be hurt by discrimination relief he should not be allowed to withdraw his claim if to do so would defeat his opponent's right to discrimination relief.
*543 In Weyerhaeuser v. Closter, the municipality filed a counterclaim to Weyerhaeuser's allegation that assessment was in excess of true value, which alleged that the assessment was discriminatory. The Tax Court judge found that Closter had an absolute right to withdraw its claim of discrimination relying on R. 8:3-9,[7] but that Weyerhaeuser was not allowed to amend its complaint to include a claim for discrimination, relying on Diament. Thus, Closter has the benefit of finding that discrimination is a separate cause of action and has avoided the possibility that Devonshire would be applied to its disadvantage. Weyerhaeuser could reasonably have relied on Devonshire believing that once discrimination was asserted both parties would have the benefit of the proofs and Chapter 123. To allow a taxing district to benefit in a Devonshire situation (when the taxpayer lacks the foresight to withdraw his claim of discrimination) and also to withdraw its own discrimination claim up until the close of proofs (under R. 8:3-9) seems to be a good example of legal gamesmanship which can not be condoned by this court. Tax appeals will become a game of inserting and withdrawing claims as the proofs are elicited. We hold that once discrimination has been made an issue in a tax appeal, if one party withdraws its claim the other party must, in fairness, be allowed to amend its complaint to include the claim.
In Witco Chemical Corp. v. City of Perth Amboy, discrimination was never formally an issue. The pretrial order reserved Witco's right to move to amend to include a claim of discrimination. Under our holding here, the amendment would amount to no more than a formality since Chapter 123 must be noticed by the Tax Court judge. The amendment should be permitted.
In Alstores Realty Corp. v. Borough of Paramus, the taxing district introduced an allegation of discrimination in its counterclaim. *544 This claim was apparently not withdrawn. Devonshire and Rabstein allow either party to benefit from the fair application of discrimination relief as demonstrated by the proofs.
The orders of the Tax Court under review are reversed and the cases are remanded to the Tax Court for further proceedings.
NOTES
[1] Although enacted in 1973 the relevant provisions did not become effective until 1978. Diament v. Fort Lee, 3 N.J. Tax 70, 76 (Tax Ct. 1981).
[2] The most recent amendment was effective March 21, 1979.
[3] N.J.S.A. 54:3-22(c) establishes the same formula to be applied by the county board of taxation when addressing a claim of discrimination.
[4] This bill would establish procedures for adjusting the taxable value of property by the county boards of taxation, the Division of Tax Appeals and the courts.

Under this bill, the Director of the Division of Taxation would determine by April 1 of each year the average ratio of assessed to true value of real property in each taxing district and a "common level range" for each district. That range would be plus or minus 15% of the average ratio.
The county boards of taxation and the State Division of Tax Appeals would then use that common level range as a comparison with the ratio of the assessed value to the true value of any property and if that ratio is outside of the range, the taxable value would be redetermined by applying the average ratio to the true value.
[5] In fact, in Murnick, we remanded, stating: "If the taxpayers' ratio does not meet the chapter 123 threshold, they should be afforded the opportunity to demonstrate error in the director's calculations if they so desire." [187 N.J. Super. at 463]

Obviously, if Chapter 123 is not the exclusive remedy to tax discrimination, the elements of proof for discrimination and excess of true value are not identical. Either the taxpayer or the district should be allowed to prove that a different average ratio or common level was proper. In that event, the rationale for finding that discrimination is a separate cause of action would be still valid. Thus discrimination must be affirmatively and timely pleaded when the average ratio and common level are challenged.
[6] N.J.S.A. 54:2-35 states: "Any action or determination of a county board of taxation may be reviewed by the tax court pursuant to rules of court, and it may review such action and proceedings and give such judgment therein as it may think proper...."
[7] Whether or not a responsive pleading has been filed, a complaint or a counterclaim may be withdrawn at any time prior to the close of the proofs before the Tax Court and thereafter with leave of Court.

Note: Adopted June 20, 1979 to be effective July 1, 1979.