RIMM, J.T.C.
This is a local property tax assessment matter involving a condominium unit in the Warwick, located at Raleigh Avenue and the Boardwalk. The subject property is unit 334 and is designated as Block BCX20, Lot 80 in defendant’s tax records. For the tax year 1982 the property was assessed as follows:
Land $ 22,200
Improvements 22,200
Total $ 44,400
On appeal to the Atlantic County Board of Taxation the assessment was reduced as follows:
Land $ 20,700
Improvements 20,700
Total $ 41,400
Plaintiffs were dissatisfied with that result and filed a complaint with the Tax Court seeking a further reduction.
In a proceeding in the Tax Court the judgment of the county board of taxation is accorded a presumption of correctness and will not be disturbed unless there is sufficient competent evidence of value requiring a change in the assessment. Passaic City v. Botany Mills, Inc., 72 N.J.Super. 449, 178 A.2d 657 (App.Div.1962), certif. den. 37 N.J. 231, 181 A.2d 13 (1962). If the presumption of correctness is overcome by sufficient competent evidence of value, the true value and ultimately the correct assessment are then determined by a fair preponderance *190 of the evidence. Califon Bor. v. Stonegate Properties, Inc., 2 N.J.Tax 153 (Tax Ct.1981).
Plaintiffs were tenants in the subject condominium unit which they purchased for $59,280 on February 27, 1981, some seven months before the critical assessing date of October 1, 1981. Plaintiff-husband testified that the unit was in relatively poor condition when he and his wife purchased it and that it had not been renovated prior to sale as some other units in the complex had been. He also testified that the original price asked by the developer which converted the building to condominium ownership was $74,100. The developer gave tenants occupying units prior to conversion a 20% discount from the asking price as an inducement to buy, resulting in the subject’s sale price of $59,280.
One sale does not necessarily make a market, even if that sale is of the subject property. Such sale is not controlling on the issue of value, but “[i]t is well settled that a bona fide sale of the subject property may be indicative of the true value of the property.” Almax Builders, Inc. v. Perth Amboy City, 1 N.J.Tax 31, 38 (Tax Ct.1980). It is for the factfinder to weigh and appraise the validity of the sale as an indication of value. In this case the sale is accepted as an indication of value, and the presumption of correctness accorded the county board’s judgment is overcome by evidence of the sale.
Defendant’s assessor testified that of the 274 units in the condominium project, 197 had been sold by the developer as of the October 1, 1981 assessing date; 123 units were sold to former tenants at 20% below the original asking prices and 74 units were sold to outside purchasers at the original asking or catalog prices. Approximately 18 of the units sold to the tenants were then resold at the original asking prices.
The assessor also testified that, in his opinion, the subject unit had a value of $90,600 as of October 1,1981. He arrived at this value by the use of sales data for units in the condominium property. Based on 11 resales by former tenants between March 1981 and May 1982 with sales prices totaling $827,000 for *191 units with a total of 5,188 square feet, he concluded that the average value a square foot for condominium units in the building was $159. Multiplying this average square foot value of $159 by the 570 square feet in the single unit, he arrived at his opinion of value of $90,600 (rounded). Upon cross-examination, the assessor admitted that higher prices a square foot were obtained for units on higher floors and for units larger than the subject, and that some units had been recently renovated. Yet, the assessor made no allowances for differences in sizes of the units, for the condition of the units, or for the location of the units in the building, that is, on the ocean or street side of the building or on different floors in the building. “Evidence of comparable sales is effective in determining value only where there is a substantial similarity between the properties so as to admit of reasonable comparison.” Venino v. Carlstadt Bor., 1 N.J.Tax 172, 175 (Tax Ct.1980), aff’d o.b. 4 N.J.Tax 528 (App. Div.1981). When an appraiser values individual condominium units by the sales comparison or market data approach, the best guides are “[rjecent sales of units of comparable size, location and quality.” American Institute of Real Estate Appraisers, The Appraisal of Real Estate (8 ed. 1983) 538 (Emphasis supplied). The assessor’s opinion of value is rejected.
The sale of the subject property occurred after the effective date of certain statutes which create an encumbrance or cloud upon title by limiting a developer’s right to obtain possession. of a tenant-occupied condominium unit resulting from the conversion of a multi-family rental complex. The statutes create rights in the tenant which adversely impact on the developer’s ability to sell tenant-occupied condominium units. N.J.S.A. 2A:18-61.1 et seq., including specifically subsections -61.1 k, -61.2 g, -61.8 and -61.12 (which apply throughout the State) and N.J.S.A. 2A:18-61.13 et seq. (which apply to Atlantic City). The nature of the protected tenancy and the encumbrance created are described in Plaza Joint Venture v. Atlantic City, 174 N.J.Super. 231, 416 A.2d 71 (App.Div.1980) and B.H. Associates v. Brudner, 185 N.J.Super. 403, 449 A.2d 23 (Cty.D.Ct.1982), app. dism. 190 N.J.Super. 1, 461 A.2d 753 (App.Div.1983). Cf. Irving- *192 ton v. 1125-1127 Clinton Ave. Associates, 5 N.J.Tax 420 (Tax Ct.1983) (tenant has a quantifiable interest in property by reason of below market rent). The effect of the encumbrance created by these statutes must be considered in arriving at a fair market value of the subject property.[1]
For local property tax assessment purposes, the fair market value of property is determined as though the property were unencumbered. The totality of all the interests in the property is to be valued. Secaucus Town v. Damsil, Inc., 120 N.J.Super. 470, 295 A.2d 8 (App.Div.1972), certif. den. 62 N.J. 90, 299 A.2d 88 (1972); Merchandise Mart Associates v. Pennsauken Tp., 3 N.J.Tax 275 (Tax Ct.1981); Wayne Mall, Inc. v. Wayne Tp., 2 N.J.Tax 1 (Tax Ct.1980). In dealing with a privately created limitation on alienability in another condominium situation, the court in Tower West Apt. Ass’n v. West New York Town, N.J.Tax 565 (Tax Ct.1981) aff’d 5 N.J.Tax 478 (App.Div.1982) said:
While the requirement of unanimous consent of the unit owners may inhibit alienation, such requirement affects the title only, not the use which can be made of the property. The law requires an assessment of the value of the land, and that assessed value represents the value of all interests therein. [At 573; emphasis supplied]
This issue was most recently discussed in Lawrence Associates v. Lawrence Tp., 5 N.J.Tax 481 (Tax Ct.1983):
In New Jersey the Legislature has consistently used the term “real property” rather than “real estate” in the statutes dealing with the local tax involved in this proceeding. Local property tax assessments are made each year on all real property in this State not expressly exempted from tax. N.J.S.A. 54:4-1. All real property is assessed to the person owning it on October 1 of the pretax year. N.J.S.A. 54:4-23. Moreover, an assessment must be made on “the full and fair value” of each such parcel of real property. Ibid. This applies irrespective of varied ownership interests; the assessment must be on the value of all interests in the property. [At 502.]
The sale price of the subject property is not an indication of the value of all of the interests in the unit. Accordingly, in determining the value of the subject property by a fair preponderance of the believable evidence, the weight to be given to the *193 sale of the subject property on February 27, 1981, when it was tenant-occupied is overcome by the evidence of sales to outsiders and of resales by tenants.
The total value of each condominium unit on the critical assessing date was reflected by the original catalog prices as evidenced by the 74 sales to outside purchasers and the 18 resales. The court finds by a fair preponderance of the believable evidence that the fair market value of all of the interests in the subject property as of the assessing date was $74,100, the established price before allowance of a discount to the tenant-purchaser.[2] Samuel Hird & Sons, Inc. v. Garfield, 87 N.J.Super. 65, 208 A.2d 153 (App.Div.1965).
Once the value of a property has been determined, discrimination is an issue before the court. Weyerhaeuser Co. v. Closter Bor., 190 N.J.Super. 528, 464 A.2d 1156 (App.Div.1983). This court, once having found true value, must apply the Chapter 123[3] ratio to that value to determine if the assessment should remain undisturbed or should be raised or lowered. “Chapter 123 must be noticed by the Tax Court judge.” Id. at 543, 464 A.2d 1156.
For the tax year 1982 the Chapter 123 ratio for Atlantic City was 48%.[4] The lower limit of the common level range was 40% and the upper limit of the common level range was 56%. The ratio of the current assessment to true value of the subject *194 property was 60%[5] which is above the upper limit of the common level range. See Rumson Bor. v. Haran, 3 N.J.Tax 590 (Tax Ct.1981). Accordingly, the total assessment in this matter is 48% of the fair market value of $74,100 or $35,600 (rounded).
The Clerk of the Tax Court will enter judgment that the assessment of the subject property for the tax year 1982 is as follows:
Land $ 17,800[6]
Improvements 17,800
Total $ 35,600

 The Senior Citizens and Disabled Protected Tenancy Act, N.J.S.A. 2A:18-61.22 et seq., L.1981, c. 226, § 1, eff. July 27, 1981, would have to be considered in condominium conversion cases involving sales after its effective date.

Part of the discount allowed tenants might have been attributable to the condition of the units sold at discount. However, there was no attempt by plaintiffs to quantify the amount of the reduction due to the condition of the unit.

 N.J.S.A. 54:51A-6 (L.1946, c. 161, § 15 amended by L.1973, c. 123, § 2; L.1979, c. 114, § 10; L.1983, c. 45, § 1) formerly N.J.S.A. 54:2-40.4.

 State of New Jersey, Department of the Treasury, Division of Taxation, Certification of Average Ratios and Common Level Range For Use in The Tax Year 1982 (April 1, 1982).

 $44,400 $74,100 60%

The assessment is divided, for administrative purposes as required by N.J.S.A. 54:4-26, between land and improvements in the same proportion as it was divided in the original assessment.