SMALL, J.T.C.
This opinion is an expansion of remarks I made on the record on August 2, 1993.
Plaintiff taxpayer, has asked the court to rule that the court’s determination of the proper tax assessment of the properties whose tax assessment is being appealed is limited to the original assessment placed on these properties by the tax assessor. The municipality’s position is that my determination of the proper tax assessment is the fair market value of the subject property without regard to the original assessment. My determination is based on an analysis of N.J.S.A, 54:51A-6 (L.1973, c. 123, “chapter 123”) and the availability of discrimination relief in tax appeal cases where discrimination is not pled and the municipality has not filed a timely counterclaim. I conclude that whether pled or not in a nonrevaluation year, the court may increase an assessment above the original assessment placed on the property by the municipal assessor. F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 495 A.2d 1313 (1985).
For both 1991 and 1992, the tax years in question, the chapter 123 ratio for Garfield was in excess of 100%.
*484 For both years plaintiff filed complaints alleging both overvaluation and discrimination under chapter 123. At trial, plaintiff amended each of its complaints to delete the count of the complaints alleging discrimination. The apparent reasons for striking those two counts of the complaints were: (1) since the chapter 123 ratio exceeded 100%, there could be no advantage to the taxpayer of applying the chapter 123 ratio to the ultimately determined fair market value of the properties in question, and (2) the ability of the court to increase an assessment above the assessor’s initial value and/or above the value established by the county board of taxation is based on the language of chapter 123. N.J.S.A 54:51A-6. By removing that count of the complaint, plaintiff asserts that this court has no authority—absent a timely counterclaim filed by the municipality—to increase the original assessment or the county board judgment.
After striking the discrimination counts from its complaint, plaintiff moved to have this court declare that its ultimate determination of value in these cases could not exceed the original assessments.
In an appeal brought before the Tax Court, the task of the court is first to find the fair market value of the property. Then the proper tax assessment of the property is determined after the application of that portion of chapter 123 which is now codified at N.J.S A 54:51A-6. In all years the appropriate assessment is what is in issue before the court and the filing of the complaint opens that issue to the court. In a revaluation year the court will not increase the assessment above the assessor’s or county board’s determination, absent the filing of a counterclaim or a petition by the municipality. F.M.C. Stores, supra. In years other than revaluation years, the assessment can be increased even without the filing of a counterclaim or complaint by the taxing district. See generally Newton Town v. Newton Medical *485 Building, 13 N.J.Tax 462, 464-466 (Tax 1993). However, it should be noted that if plaintiff withdraws its complaint prior to the close of proofs and the taxing district has not filed a complaint or counterclaim, the court is deprived of jurisdiction over the case and obviously cannot increase the assessment. R. 8:3-9.
My analysis is based on a careful reading of the statutory language. N.J.S.A 54:51A-6.[1] Four different fact patterns are described. For each situation, the application of a particular ratio to the fair market value of the property to determine the assessment is prescribed.
1. In a revaluation year the provisions of chapter 123 do not apply. N.J.S.A. 54:51A-6(d). See Ennis v. Alexandria Tp., 13 N.J.Tax 423 (Tax 1993).
2. If the chapter 123 ratio is greater than 100% and the original assessment exceeds the court determined fair market value, then the assessment will be the fair market value. N.J.S.A. 54:51A-6(e).
3. If the chapter 123 ratio is less than 100% and the assessment exceeds the court determined fair market value, then the assessment will be the fair market value of the property multiplied by the chapter 123 ratio. N.J.SA 54:51A-6(b).
4. If the ratio of the assessed value to the fair market value is greater than 115% or less than 85% of the chapter 123 ratio, then the assessment will be the fair market value of the property multiplied by the chapter 123 ratio. N.J.SA 54:51A-6(a).
The following table details the application of chapter 123 to those four situations specifically described in the statute as well as those fact patterns not specifically described.
*486 Effect of N.J.S.A 54:51A-6 (L. 1973, c. 123) in Determining Proper Assessment After a Determination of Fair Market Value.
Revaluation year Assessment more than 100% of FMV c. 123 ratio more than 100% Ratio of assessment to FMV more than 115% or less than 85% of c. 123 ratio Effect of c. 123 on assessment
Yes ' None N.J.S.A 54:51A-6(d)
No Yes Yes Yes or No 100% FMV N.J.S.A 54:51A-6(c)
No Yes No Yes or No c. 123 ratio times FMV N.J.S.A 54:51A-6(b)
No No No Yes c. 123 ratio times FMV N.J.S.A 54:51A-6(a)
No No No No None. The assessment is unchanged. None of the operative Us apply. This is a case where “assessment falls within the corridor”
No No Yes Yes or No N.J.S.A 54:51A-6 does not apply
*487 In those situations in which plaintiff taxpayer does not plead discrimination or, if after having pled discrimination, taxpayer amends his complaint to remove the discrimination count, is the court free to increase the assessment if that is where the facts lead it? Prior to the enactment of chapter 123, Matawan v. Tree Haven Apartments, Inc., 108 N.J.Super. 111, 260 A.2d 235 (App. Div.1969), held that absent a cross-appeal the court could not increase the assessment.
After the enactment of chapter 123, Judge Matthews of the Appellate Division in two cases, Rabstein v. Princeton Township, 187 N.J.Super. 18, 453 A.2d 553 (App.Div.1982) and Weyerhaeuser Co. v. Closter, 190 N.J.Super. 528, 464 A.2d 1156 (App.Div.1983), held that chapter 123 was automatically in the case “since Chapter 123 must be noticed by the Tax Court judge.” Weyerhaeuser, supra, 190 N.J.Super. at 543, 464 A.2d 1156. Further, Judge Matthews indicated that “Chapter 123 must be interpreted to mandate that the Tax Court be guided by the proofs in each appeal, not the form of the appeal,” id. at 542, 464 A.2d 1156 and “when the party who alleged discrimination discovers after the proper time for appeal that he would be hurt by discrimination relief he should not be allowed to withdraw his claim if to do so would defeat his opponent’s right to discrimination relief.” Ibid.
Finally, the Appellate Division held that “once discrimination has been made an issue in a tax appeal, if one party withdraws its claim the other party must, in fairness, be allowed to amend its complaint to include that claim.” Id. at 543, 464 A.2d 1156. Reading these cases together with Hackensack Water v. Woodcliff Lake, 9 N.J.Tax 545 (Tax 1988) and Abe Schrader v. Secaucus, 8 N.J.Tax 390 (Tax 1986), as well as F.M.C. Stores v. Borough of Morris Plains, supra, leads to the following conclusions:
1. Except in a revaluation year, chapter 123, N.J.S.A 54:51A-6, is automatically in an appeal. Whether pled or not by either party it cannot be removed from the case by either party. Weyerhaeuser Co. v. Closter, supra.
*488 2. In all years except a revaluation year, assessments may be increased above the initial assessment of the assessor or the finding of the county board of taxation whether the' municipality has filed a counterclaim or not. F.M.C. Stores v. Borough of Morris Plains, supra.
3. Except in a revaluation year, there is no need for the municipality to file a pleading in order to have an assessment increased. N.J.S.A 54:51A-6.
4. The municipality cannot be assured of having the assessment increased unless it files a counterclaim, because the plaintiff is always free to withdraw its complaint and thus end the court’s jurisdiction over the case. R. 8:3-9.
Given the facts in this case, and after having considered the briefs and arguments of the parties, I concluded that even though the taxpayer had withdrawn its discrimination claim, this court is free to increase the assessment of the subject property above the assessor’s and the county board’s determinations.
After I gave an opinion from the bench in a léss structured form than the within written opinion, the plaintiff withdrew his complaints. R. 8:3-9.

Note in reading the statute:
a. The "county percentage level" is always 100%. See M.I. Holdings, Inc. v. Jersey City, 12 N.J.Tax 129, 145 (Tax 1991).
b. The "average ratio" is the chapter 123 ratio. NJ.S.A. 54:l-35a(a) and NJ.S.A. 54:1-35.1 et seq.
c. The "common level range” is 15% below and 15% above the average ratio. NJ.S.A. 54:l-35a(b).