CRABTREE, J.T.C.
This is a local property tax case wherein plaintiff seeks to modify the chapter 123 ratio promulgated by the Director, Division of Taxation (hereafter Director), for the Borough of Roseland (the Borough) for the tax year 1997. The gravamen of plaintiffs complaint is the Director’s failure to include as a usable sale the sale of a certain parcel of real property in the Borough on June 19, 1996, during the sampling period for the sales-ratio study, from which the school aid ratio was derived. The same ratio is used for chapter 123 purposes as well. N.J.S.A. 54:1-35a(a); N.J.S.A. 54:1-35.1.
Plaintiff moves for summary judgment on the basis of a certification of David Taylor, a senior field representative in the sales-ratio section of the Division of Taxation, purporting to prove that the disputed sale was usable. The Borough counters with a cross-motion to dismiss the complaint for failure to state a cause of action, or in the alternative, to deny plaintiffs motion on the ground that genuine issues of material fact must be resolved. The *371 Director weighs in with a cross-motion to dismiss the complaint for failure to state a claim, for lack of standing, and for untimely filing. For good measure, the Director also moves to deny plaintiffs motion because of the existence of genuine issues of material fact.
It should be noted at the outset that the complaint does not seek direct review of the 1997 assessment on plaintiffs property; rather, it seeks, apparently pursuant to N.J.S.A., 2B:13-2(a)(1), a declaration that the disputed sale of June 19, 1996 should be treated as a usable sale for purposes of the Director’s sales-ratio study and a declaration that the sale in question must be used by the Director in calculating the Borough’s chapter 123 ratio to be promulgated on April 1, 1997.
The sole issue in this case is whether a taxpayer may challenge the composition of the chapter 123 ratio in a plenary proceeding prior to and independent from a tax appeal.[1] I conclude that it cannot, and accordingly, defendants’ cross motions to dismiss must be granted.
The Director is required by statute to determine the chapter 123 ratio for each municipality on or before April 1 of the tax year. N.J.S.A. 54:1-35b(a). This ratio, as indicated earlier, is the same as the ratio promulgated by the Director as of October 1 of the pretax year for the purposes of allocating and apportioning school aid. N.J.S.A. 54:l-35a(a); N.J.S.A. 54:1-35.1.
Chapter 123 of the Laws of 1973 was enacted in order to resolve problems concerning discrimination claims in municipalities in *372 which no revaluation had occurred for many years and no common level of assessment existed. Murnick v. Asbury Park, 95 N.J. 452, 471 A.2d 1196 (1984).
The chapter 123 ratio creates a rebuttable presumption of a common level of assessment in the taxing district. Id. at 462, 471 A.2d 1196. As a practical matter, the presumption is so strong that it will be conclusive in all but the most egregious cases. Id. at 463, 471 A.2d 1196. Absent the showing of error in the chapter 123 ratio, the use of a ratio other than that promulgated by the Director pursuant to N.J.S.A. 54:1-35a violates the statute. Id. at 458, 471 A.2d 1196, quoting lower court, 187 N.J.Super. at 462-63, 455 A.2d 504; Calton Homes v. West Windsor Tp., 15 N.J.Tax 231, 237 (Tax 1995).
If, however, the Director has included incorrect information that “substantially skews” the ratio, a taxpayer has a right to bring a timely application to correct the deviation. Murnick, supra, at 464, 471 A.2d 1196; 1530 Owners Corp. v. Fort Lee Bor., 135 N.J. 394, 399, 640 A.2d 811 (1994).[2] It is important to note that by correcting the deviation, a court does not revise the average ratio, but, rather, applies the different, revised ratio for purposes of determining a taxpayer’s entitlement to discrimination relief. The situation is analogous to a claim for discrimination relief in a revaluation year, when by its express terms, chapter 123 is inapplicable. N.J.S.A. 54:51A-6(d). A taxpayer may overcome the presumption that all properties were assessed at 100% of true value in a revaluation year by proving, through a sale study, that the assessments for the revaluation year, including the assessment on the taxpayer’s property, were not uniformly made at true value. M.I. Holdings, Inc. v. City of Jersey City, 12 N.J.Tax 129 (Tax *373 1991); Sunshine Biscuits, Inc. v. Sayreville Bor., 4 N.J.Tax 486 (Tax 1982). In such case, the taxpayer may obtain ratio relief without disturbing the presumption of assessment at true value for all other revalued properties in the taxing district. M.I. Holdings, Inc. v. Jersey City, supra.
This court simply has no authority, in a local property tax assessment proceeding, to change the school aid ratio promulgated by the Director, nor the chapter 123 average ratio (which by statute is the same). But see Fort Lee Bor. v. Director, Div. of Taxation, 14 N.J.Tax 126, 133 (Tax 1994) (declaring, in dicta, that municipality could challenge chapter 123 ratio in an action separate from a challenge to the school aid ratio pursuant to N.J.S.A. 54:51A-4). Plaintiff is, in effect, asking this court to fix the chapter 123 ratio for all tax appeals from borough assessments without giving other taxpayers an opportunity to be heard with respect to the ratio as applied to them. Conceivably, other taxpayers may challenge the inclusion or exclusion of many other sales and establish a right to discrimination relief under other ratios as applied to a particular property under appeal.
The Borough’s position is not compromised by the right of any taxpayer to challenge the ratio as “substantially skewed.” Just as a taxpayer has the burden of overcoming the presumption of correctness of the assessment, so does the taxpayer have the burden of proving that the Director’s decision in including or excluding a particular sale was not only in error, but that the Director’s action “substantially skewed” the chapter 123 ratio. 1530 Owners Corp. v. Fort Lee, supra.
Judgment will be entered in accordance with this opinion.

 The usual challenge to the ratio, whether for school aid purposes or for the purposes of chapter 123, involves the inclusion or exclusion of sales. See generally 1530 Owners Corp. v. Fort Lee Bor., 135 N.J. 394, 640 A.2d 811 (1994) (involving taxpayer challenge, in a tax appeal proceeding, of the inclusion of certain sales as nonusable for chapter 123 sales ratio puiposes). The ratio could also be challenged on the basis of an erroneous property classification, e.g., the Director should have treated cooperative apartments as Class 2 (residential) and not as Class 4 (multifamily residential). Fort Lee Bor. v. Director, 12 N.J.Tax 299 (Tax 1992), aff'd o.b. per curiam, 13 N.J.Tax 323 (App.Div.) certif. denied, 134 N.J. 563, 636 A.2d 521 (1993).

 See also Weyerhaeuser Co. v. Closter Bor., 190 N.J.Super. 528, 539, 464 A.2d 1156 (App.Div.1983), where the court declared: "|T|ax discrimination is a constitutionally mandated remedy available to taxpayers and municipalities. If the figures established by chapter 123 for the average ratio and common level are arrived at in an arbitrary, capricious, or erroneous manner, or are themselves discriminatory, a litigant would be deprived of this constitutional remedy unless he had the right to challenge them.”