KAHN, J.T.C.
This matter is before this court on defendant municipality and plaintiff taxpayer’s cross-motions for partial summary judgment. Taxpayer filed a complaint seeking modification of Roseland’s 1996 Chapter 123 ratio in conjunction with local property tax appeals for its ten large office building properties located in the Borough of Roseland.[1] All ten Roseland properties are in dispute for the 1996 tax year and were direct appeals to this court.
*159 The Borough of Roseland filed a motion for partial summary judgment to dismiss those counts in taxpayer’s complaint seeking modification of Roseland’s 1996 Chapter 128 ratio promulgated by the Director, Division of Taxation. The municipality also sought dismissal of taxpayer’s request to re-open the 1996 tax appeals on behalf of all Roseland taxpayers, which was granted at oral argument for the reasons set forth on the record.
Taxpayer filed a cross-motion for partial summary judgment for this court to determine whether one commercial sale was improperly included in Roseland’s 1996 Chapter 123 ratio, and whether that same sale substantially skewed the ratio. Ultimately, taxpayer seeks to revise Roseland’s 1996 Chapter 123 ratio.
For the reasons hereinafter set forth, all motions for partial summary judgment are denied because material facts are in dispute. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 666 A.2d 146 (1995).

I. LAW AND ANALYSIS

“The ‘Chapter 123 ratio’ is the average ratio of assessed value to market value of all property in a town or tax district.” Glen Wall Assocs. v. Wall To., 99 N.J. 265, 271, n. 2, 491 A.2d 1247 (1985) (citing N.J.S.A. 54:51A-6; Murnick v. Asbury Park, 95 N.J. 452, 460, 471 A.2d 1196 (1984)). When promulgating the ratio, the Director reviews “sales and assessed values within the taxing district, exclusive of twenty-seven categories of deed transactions.” Murnick, supra, 95 N.J. at 460, 471 A.2d 1196 (referring to N.J.A.C. 18:12-1.1(a)(25)). N.J.A.C. 18:12-l.l(a) enumerates twenty-seven categories of deed transactions that must be excluded when “determining assessment-sales ratios pursuant to N.J.S.A. 54:1-35.1 et seq.” Generally, such transfers should be excluded from the ratio’s computation. However, such transfers “may be used if after full investigation it clearly appears that the transaction was a sale between a willing buyer, not compelled to *160 buy, and a willing seller, not compelled to sell, and that it meets all other requisites of a usable sale.” N.J.A.C. 18:12-1.1(b); See also 1530 Owners Corp. v. Fort Lee Bor., 135 N.J. 394, 640 A.2d 811 (1994).
Generally, sales are “usable if they constitute an arms-length transaction that reflects the market value of the property.” 1530 Owners Corp., supra, 135 N.J. at 398, 640 A.2d 811. See N.J.A.C. 18:12-1.1. In order to prove that a sale should have been excluded, a taxpayer:
must demonstrate not simply that the challenged sale appears to fall within the nonusable category and that the Director did not make a full investigation before using it. Rather, the taxpayer must show that inclusion of the sale in determining the ratio was in fact improper because the sale price was not made at fair market value.
[1530 Owners Corp., supra, 135 N.J. at 403-404, 640 A.2d 811.]
On or before October 1 of each year, “the Director of the Division of Taxation is required by law to promulgate his Table of Equalized Valuations ...” Handbook for N.J. Assessors, § 1002.4, X-19 (June 1980). See also N.J.S.A 54:1-35.1. Each New Jersey municipality generates an average true value of its real property from real property sales within the municipality. Handbook for N.J. Assessors, supra, at X-15. The current year true value, or new true value, is calculated yearly and “averaged with the prior year’s average true value of real property, after adjustment, to arrive at the final new average true value for each particular year.” Id. at X-15 — X-16. Current year true value is determined from “sales occurring during the sampling period from July 1 in each year through June 30 of the following year ...” Id. at X-16.
The undisputed facts are: 1) the average assessed value to true value of real property applicable to the taxing district of the Borough of Roseland for the 1996 tax year as calculated by the Director, Division of Taxation was 30.43%, and 2) when compiling the Table of Equalized Valuations, the Director included one Class 4 (commereial/industrial) property sale as a usable sale. This commercial property, located at 563 Eagle Rock Avenue, had a 1994 assessment of $523,900. 563 Eagle Rock Avenue sold on *161 June 23,1994 for $675,000. Since the deed was not recorded until July 13, 1994, this sale was included in the sampling period for Roseland’s 1996 Chapter 123 ratio. After the sale of 563 Eagle Rock Avenue, the property’s assessment was significantly reduced via settlement of a property tax appeal. The sale property’s assessment was reduced, by a judgment of The Essex County Tax Board of Taxation dated July 18,1995, to $248,900.
Brill v. Guardian Life Ins. Co. of Am., supra, 142 N.J. 520, 666 A.2d 146, articulated a revised standard for summary judgment as follows:
[W]hen deciding a motion for summary judgment under Buie 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
[Id. at 523, 666 A.2d 146.]
Thus, a court should grant summary judgment when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2. “The court must accept as true all the evidence which supports the positions of the party defending against the motion and must accord him [or her] the benefit of all legitimate inferences which can be deduced therefrom, and if reasonable minds could differ, the motion must be denied.” Brill, supra, 142 N.J. at 535, 666 A.2d 146 (citing Pressler, Current N.J. Court Rules, Comment on R. 4:40-2 (1991) (other citations omitted)).
Both motions for partial summary judgment are denied because material facts surrounding the controversial sale are in dispute. While the taxpayer has set forth sufficient evidence to rebut the presumptive validity of the common level of assessment established by Chapter 123, this court finds such evidence is insufficient to grant partial summary judgment.
*162 The defendant has argued that Chapter 123 establishes a rebut-table presumption of a common level of assessment. Moreover, the defendant has argued the taxpayer must trump this presumption in order to defeat the Chapter 123 ratio promulgated by the Director. .This court disagrees. The issue is not whether the taxpayer presented sufficient evidence to rebut a presumption of a common level of assessment, but rather, whether the Director utilized incorrect information when promulgating the Chapter 123 ratio. Murnick, supra, 95 N.J. at 464, 471 A.2d 1196.
There is no dispute that a taxpayer has the right to demonstrate that certain sales warrant exclusion from the ratio’s promulgation. Ibid. Moreover, “[i]f the Director has included incorrect information that substantially skews the ratio, a taxpayer has a right to bring a timely application to correct the deviation.” Id. (citing Weyerhaeuser Co. v. Closter, Bor., 190 N.J.Super., 528, 539, 464 A.2d 1156 (App.Div.1983)).
In the case at bar, it is undisputed that the taxpayer brought a timely application to correct a deviation in Roseland’s 1996 Chapter 123 ratio. Moreover, taxpayer challenges the validity of the information used to calculate the municipality’s Chapter 123 ratio for 1996 because it is approximately 6% higher than in recent years. Taxpayer has argued that the inclusion of the disputed sale was improper because it is nonusable under N.J.A.C. 18:12-l.l(a)(13).[2] Based on the evidence presented to this court, there is a question as to whether the Director utilized correct information when promulgating Roseland’s 1996 Chapter 123 ratio. Murnick, supra, 95 N.J. at 464, 471 A.2d 1196.
Although taxpayer has presented some evidence demonstrating that erroneous information may have been used when calculating Roseland’s 1996 Chapter 123 ratio, taxpayer’s alleged undisputed facts are insufficient to grant partial summary judgment as a matter of law. Taxpayer has argued the sale was improperly *163 included in the promulgation of the 1996 Chapter 123 ratio because: 1) the tax assessor had knowledge the disputed sale property was under appeal and subsequently reduced prior to the ratio’s promulgation; 2) the disputed sale should have been excluded pursuant to N.J.A.C. 18:12-l.l(a)(13) since the seller was “in bankruptcy” at the time of sale; and 3) the disputed sale substantially skews the ratio.
First, the tax assessor’s knowledge that 563 Eagle Rock Avenue’s assessment was under appeal and was reduced prior to the ratio’s promulgation is insufficient as a matter of law to exclude the sale from the ratio’s computation. There is no legal basis to exclude a sale from the Chapter 123 ratio because a sale property’s assessment was under appeal and subsequently reduced. See N.J.A.C. 18:12-l.l(a), (b). Even if a sale property’s assessment was appealed, was reduced prior to the ratio’s promulgation, and fell within the parameters set forth in N.J.A.C. 18:12-1.1(b). See also 1530 Owners Corp. supra, 135 N.J. 394, 640 A.2d 811. While the taxpayer has argued that the significant overassessment of 563 Eagle Rock Avenue evidences the property was not sold at fair market value, this court concludes that such overassessment is but one factor when considering whether the sale was an arms-length transaction reflective of fair market value. Id. at 398, 640 A.2d 811.
Second, the seller’s alleged bankruptcy is insufficient as a matter of law to exclude the sale from Roseland’s 1996 Chapter 123 ratio. Taxpayer’s alleged undisputed facts indicate the seller was in bankruptcy at the time of the disputed sale, had severe cash flow problems, and formulated a reorganization plan. In addition to the existence of a bankruptcy, the taxpayer argues the sale was not an arms-length transaction reflecting fair market value because the seller’s motivation to sell 563 Eagle Rock Avenue was tainted with distress.
Although taxpayer presents some evidence of the seller’s bankruptcy litigation at the time of the sale, the municipality and Division of Taxation dispute the existence of a bankruptcy. More *164 over, defendants argue that the significant issue is whether the property was appropriately subjected to normal real estate marketing and an arms-length negotiation. Bankruptcy is not synonymous with a distress sale.
While a taxpayer may challenge the inclusion of sales utilized to promulgate the Chapter 123 ratio, the fact that a sale is alleged to have been improperly included in the ratio’s calculation because it falls into a nonusable category under N.J.A.C. 18.12-1.1, does not require exclusion of the sale from Director’s Table of Equalized Valuations. See 1530 Owners Corp. v. Bor., supra, 135 N.J. 394, 640 A.2d 811; Murnick v. Asbury Park, supra, 95 N.J. 452, 471 A.2d 1196. Rather, the taxpayer must demonstrate the disputed sale fails to reflect fair market value. See 1530 Owners Corp., supra, 135 N.J. 394, 640 A.2d 811; N.J.A.C. 18:12-1.1(b).
Moreover, taxpayer’s contention that Roseland’s tax assessor intentionally withheld knowledge of the alleged bankruptcy when she deemed the sale usable is irrelevant to the issue before this court. Rather, the more important issue before this court is whether the disputed sale was an arm’s length transaction.
Finally, the fact that a particular sale skews the ratio is also irrelevant to the issue before this court. The issue is not whether the disputed sale skews the ratio, but rather, whether the Director included incorrect information when promulgating Rose-land’s 1996 Chapter 123 ratio. Murnick, supra, 95 N.J. at 464, 471 A.2d 1196.
Although both motions for partial summary judgment are denied, it should be noted that this court does not have the authority to modify the Chapter 123 ratio in a local property tax proceeding. Bellemead Dev. Corp., supra, 16 N.J. Tax at 373. To correct a deviation, “a court does not revise the average ratio, but, rather applies the different, revised ratio for purposes of determining the taxpayer’s entitlement to discrimination relief.” Bellemead Dev. Corp., supra, 16 N.J. Tax at 372. Thus, even if this court were to grant partial summary judgment in favor of the taxpayer, this court would not be authorized to modify the munici *165 palit/s 1996 Chapter 123 ratio. Rather, this court may only apply the revised ratio to determine relief from property tax discrimination.

II. CONCLUSION

An Order will be entered in accordance with R. 4:42-l(c).

 Taxpayer also sought modification of Roseland’s 1997 Chapter 123 ratio. Bellemead Dev. Corp. v. Roseland Bor., 16 N.J. Tax 369 (Tax 1997). The Honorable David E. Crabtree held that the court was without jurisdiction *159 because the taxpayer did not seek modification of Roseland's 1997 Chapter 123 ratio in conjunction with a local property tax proceeding.

 N.J.A.C. 18:12-1.l(a)(13) sets forth the nonusable category of "[s]ales in proceedings in bankruptcy, receivership or assignment for the benefit of creditors and dissolution or liquidation sales.”